## EDWARD JOEL, JR. *v.* THOMAS A. TERRIBILE

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. 179121 |
| --- | --- | --- |

Memorandum filed December 21, 1983

*William Gallagher,* for the plaintiff.

*Flanagan, Dorsey, Mulvey & Oliver,* for the defendant.

HADDEN, J. In this case, the plaintiff was a passenger in a motor vehicle being operated by the defendant that collided with another car. He has brought suit in negligence against only the operator of the car in which he was a passenger, seeking money damages for alleged injuries and losses. The defendant has moved for summary judgment on his special defense that § 38-323 of chapter 690 of the General Statutes, the so-called "no-fault" law, is applicable and that under the no-fault law the plaintiff cannot maintain this cause of action.

On the basis of the pleadings, affidavits, documents filed and the stipulations of the parties during argument, it appears that the medical or financial thresh-

old requirements of the statute have not been met. The only issue before the court, and which both counsel have agreed is a matter of law, is whether the defendant's motor vehicle satisfies the statutory definition of a "private passenger motor vehicle" to which the no-fault law applies. If the car is such a vehicle, then this action cannot be maintained and the defendant's motion for summary judgment should be granted.

The parties have agreed that the car in question was a police car being used at the time on police business to transport the plaintiff to the police station as part of an arrest or official investigation. The defendant operator was performing the duties of a policeman at the time of the accident.

The term "private passenger motor vehicle" as used in § 38-323 is defined in General Statutes (Rev. to 1979) § 38-319 (g) as follows:

"(g) 'Private passenger motor vehicle' means a private passenger, station wagon or camper type automobile other than a motorcycle, not used as a public or livery conveyance, or an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for commercial purposes other than farming."

The use by the legislature of the word "type" in the definition of what is meant by the term "private passenger motor vehicle" is considered by this court of controlling significance. The statute concerns itself with the use to which a motor vehicle is being put only in a very limited way, excluding only motorcycles, automobiles used as public or livery conveyances and certain trucks used for commercial purposes other than farming. The statute basically focuses on the type of vehicle it is. In this case, the motor vehicle being operated by the defendant was cleary a private passenger type automobile. The fact that it may have been modi-

fied in various ways to accommodate it for use as a police car does not change the type of automobile that it was.

The plaintiff claims that the police car should be considered to be a public conveyance. The court does not agree. The language in § 38-319 (g) excluding an automobile used as a public conveyance is obviously a reference to taxis and buses which are used to transport the public and to which the public has access. A police car is not available for public use.

The defendant's motion for summary judgment is granted.