[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Aetna moves for summary judgment on the ground that the prisoner transport vehicle in which plaintiff was a passenger does not constitute a "private passenger motor vehicle" under Conn. Gen. Stat. 38-319 et seq.
By amended four-count complaint dated March 1, 1990, plaintiff, Donald MacPherson, seeks damages for personal injuries and other losses he sustained while he was riding as a passenger in a Sheriff's Department Transportation Vehicle. Plaintiff alleges the following facts in his complaint. On or about February 9, 1989, plaintiff was a passenger in a motor vehicle owned by defendant State of Connecticut, insured by defendant Aetna Casualty and Surety Co. (hereinafter Aetna), and operated by Gordon F. Johnson (hereinafter Johnson) in a northerly direction on Main Street in Hartford. On the same date, defendant Steven A. Keyser. (hereinafter Keyser) was operating a motor vehicle owned by defendant A. A. Pandozzi, Inc. (hereinafter Pandozzi) directly behind the vehicle operated by Johnson. The vehicle operated by Keyser collided into the rear of the vehicle operated by Johnson, in which plaintiff was a passenger. Count four of plaintiff's complaint is directed against Aetna and seeks recovery from Aetna under the Connecticut No-Fault Motor Vehicle Insurance Act, Conn. Gen. Stat. 38-319 et seq. On June 4, 1990, pursuant to Conn. Practice Bk. 378 et seq. defendant Aetna filed a motion for summary judgment on the fourth count of the plaintiff's complaint. CT Page 4333
Aetna has filed a supporting memorandum of law along with two affidavits. Plaintiff has filed a memorandum in opposition to defendant Aetna's motion for summary judgment.
Aetna has moved for summary judgment on the fourth count of plaintiff's complaint on the ground that there is no genuine issue as to any material fact and that as a matter of law it is entitled to judgment. Specifically, Aetna argues in its motion that "the plaintiff is not entitled to `basic reparations benefit' under sec. 38-319 et seq. of the Connecticut General Statutes, because the motor vehicle in which he alleges he was traveling was not a `private passenger automobile.'"
"A trial court may appropriately render judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Conn. Practice Bk. 384. (Citations omitted)." Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984), quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983).
Conn. Gen. Stat. 38-321 (a) provides in pertinent part, "Except as otherwise provided in this section, the insurer of the owner of a private passenger motor vehicle shall pay basic reparations benefits for any injury sustained by . . . (2) any other person while occupying the owner's private passenger motor vehicle . . ." Conn. Gen. Stat. 38-319 (g) defines "private passenger motor vehicle" as
 (1) Private passenger type automobile, (2) station wagon type automobile, (3) camper type motor vehicle, (4) high-mileage type motor vehicle as defined in section 14-1, or (5) truck type motor vehicle with a load capacity of fifteen hundred pounds or less, registered as a passenger motor vehicle as defined in section 14-1, or as a passenger and commercial motor vehicle as defined in section 14-1, or used for farming purposes. It does not include a motorcycle or motor vehicle used as a public or livery conveyance.
The defendant Aetna argues in its memorandum of law in support of its motion for summary judgment that the plaintiff is not entitled to "basic reparations benefits" because the motor vehicle in question was not a "private passenger motor vehicle" as defined in Conn. Gen. Stat. 38-319 (g). Specifically, Aetna maintains in its memorandum that the vehicle in question was not a private passenger type automobile, a station wagon type automobile, a camper type motor vehicle or a high mileage type motor vehicle as defined in Conn. Gen. Stat. 14-1 because the CT Page 4334 vehicle in question is composed of a 1985 Chevrolet truck chassis and cab, which was then modified by the State for the purpose of transporting prisoners. Moreover, defendant Aetna maintains that the vehicle in question was not a truck type motor vehicle for purposes of Conn. Gen. Stat. 38-319 (g)(5) because it is not registered as a passenger motor vehicle as defined in section 14-1 nor is it registered as a passenger and commercial vehicle as defined in section 14-1, nor is it used for farming purposes.
In support of its motion, defendant Aetna has supplied the affidavit of Michael Henningan, Safety Coordinator for the State of Connecticut, Fleet Operations. In his affidavit, Hennigan avers that the motor vehicle in which plaintiff was a passenger "is composed of a 1985 Chevrolet truck chassis and cab to which a custom prisoner transport compartment had been fitted." Further, Henningan avers that the vehicle is not registered with the Department of Motor Vehicles under any classification, but is registered with the Department of Administrative Services.
The crux of plaintiff's counter-argument in his opposing memorandum of law is that "Considering the use to which the present vehicle was put, it should be classified as a passenger motor vehicle." The plaintiff does not offer any support for the argument, however, that use, is the determinative factor in deciding whether a motor vehicle falls within the definition of "private passenger motor vehicle" under Conn. Gen. Stat. 383-19(g).
In Joel v. Terribile, 39 Conn. Sup. 165 (Super.Ct. 1983), the plaintiff was injured when a police car in which he was riding as a passenger collided with another car. The sole issue before the court was whether the police car fell under the statutory definition of "private passenger motor vehicle" for purposes of Conn. Gen. Stat. 38-319 et seq. The court examined Conn. Gen. Stat. 38-319 (g) as it then existed and concluded,
 The use by the legislature of the word "type" in the definition of what is meant by the term "private passenger motor vehicle" is considered by this court of controlling significance. The statute concerns itself with the use to which a motor vehicle is being put only in a very limited way, excluding only motorcycles, automobiles used as public or livery conveyances and certain trucks used for commercial purposes other than farming. The Statute basically focuses on the type of vehicle it is. In this case the motor vehicle being operated by the defendant was clearly a private passenger type automobile. The fact that it may have been CT Page 4335 modified in various ways to accommodate it for use as a police car does not change they type of automobile that it was.
Id. at 166-67. (Emphasis added).
The motor vehicle at issue in the present case is distinguishable from the motor vehicle at issue in Joel. The motor vehicle in the present case is a Chevrolet truck which was modified by the State to transport up to fourteen prisoners. (See Hennigan's affidavit). The motor vehicle at issue in Joel was a police car, not a truck. Therefore, unlike the police car at issue in Joel, the truck at issue in the present case cannot properly fall under the category of "private passenger type automobile."
Moreover, the truck in the present case is not a "truck type motor vehicle" under Conn. Gen. Stat. 38-319 (g)(5) because it is not registered as a passenger motor vehicle as defined in Conn. Gen. Stat. 14-1, or as a passenger and commercial motor vehicle as defined in Conn. Gen. Stat. 14-1, nor is it used for farming purposes.
The defendant Aetna has satisfied its burden of proving that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. Accordingly, defendant Aetna's motion for summary judgment as to the fourth count of plaintiff's complaint is granted.
HENNESSEY, J.