[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT HOWARD GOTTLIEB'S MOTION FOR SUMMARY JUDGMENT (No. 118)
The defendant Howard Gottlieb moves for summary judgment in this action brought by the plaintiff Olga Sperry for damages allegedly resulting from a fall in a depression on a public sidewalk where a display table owned and maintained by the defendant Mark Pang the lessee of the defendant Howard Gottlieb partly contributed to causing her injuries. Pang leased the defendant Gottlieb's building which adjoined the public sidewalk where the incident occurred. The sole issue presented is whether the property owner is liable for the plaintiff's injuries which resulted from a fall on the adjoining public sidewalk when the property owner's lessee partly contributed to the accident.
There is nothing to take this case out of the general rule that an "abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280.
The plaintiff argues that the defendant Gottlieb gave the defendant Pang permission to maintain a vendor's stand on the CT Page 6788 public walk. Assuming, arguendo, that this permission is relevant, the defendant Gottlieb's uncontradicted affidavit states he never gave permission to the defendant Pang to maintain a display table on the public sidewalk. The plaintiff merely claims that this declaration is selfserving, but is unable to demonstrate any facts to refute the evidence. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to reply upon the facts stated in the affidavit of the movant . . . . Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12 (1983).
Defendant Howard Gottlieb's motion for summary judgment is granted.
Robert I. Berdon, Judge