[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in the above entitled matter asserts that the corporate defendant transferred accounts receivable to the plaintiff in return for cash payments and that the accounts receivable were false and fraudulent thereby causing financial damage to the plaintiff. The complaint also claims that the individual defendant knew of the false and fraudulent nature of the accounts receivable and guaranteed the allegations of the corporate defendant. The plaintiff has now moved for summary judgment and the defendants have failed to controvert, by affidavit or otherwise, any of the facts set forth in the affidavits and documents submitted on behalf of the plaintiff. Accordingly, the court is entitled to rely on these facts as stated by the plaintiff.
Fogarty v. Rashaw, 193 Conn. 442, 444-445 (1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12 (1983). The court also relies upon the unanswered Requests for Admissions addressed to the individual defendant and filed by the plaintiff on August 8, 1991.
It appears that the corporate defendant transferred accounts receivable to the plaintiff and the plaintiff advanced to the defendant corporation, the sum of $82,900. The corporate defendant and the individual defendant agreed to pay attorneys' fees incurred by the plaintiff.
In February of 1991, the individual defendant admitted to the CT Page 1802 president of the plaintiff that the accounts receivable were false, that nothing was owed as a result of the account receivable and that the invoices delivered to the plaintiff were fictitious.
The court finds that a summary judgment is proper and appropriate and a judgment may enter in favor of the plaintiff consisting of $82,900 representing the funds paid by the plaintiff; attorney's fees and necessarily incurred disbursements in the amount of $8,123.95 which the court finds to be fair and reasonable. The court also awards the prejudgment interest. The court is not able to determine the exact date of all payments but finds that all payments were made no later than March 1, 1990 and accordingly awards interest, calculated at the rate of 10% per annum, March 1, 1990 to February 1, 1990 in the amount of $7,589.17.
Accordingly, judgment may enter in favor of the plaintiff against both defendants in the amount of $98,613.12.
RUSH, J.