[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party defendant, Robert Comfort, has moved for a Summary Judgment with respect to the third-party action instituted against him. The case arises out of a lawsuit to recover damages CT Page 2418 for personal injuries claimed to have been sustained by the plaintiff when he fell on a defective stairway in September of 1987. Plaintiff instituted suit against various parties including Washington Row Preservation Society, II ("Washington") which the plaintiff claims controlled and maintained the halls, landing and stairways. Washington then instituted a third-party action against Robert Comfort alleging that he was president of Contemporary Property Management Inc. which entered into a written contract with Washington with respect to the maintenance of the common areas of the property in which the plaintiff was a tenant.
The third-party defendant has now moved for a Summary Judgment asserting that there is no genuine issue of material fact, that he is not personally liable in as much as he did not commit or participate in the commission of the alleged tort. The third-party defendant has filed an affidavit stating that, at the time the injuries received by the plaintiff, Robert Comfort was president of Contemporary Property Management, Inc. which was managing the property in which the plaintiff was a tenant; that Contemporary Property Management hired a property manager who was actually managing the property employed; and that an independent contractor was hired to handle the maintenance responsibilities. The affidavit further states that at no time was Robert Comfort personally involved in the day to day maintenance of the premises.
The third-party plaintiff has not filed any affidavit with respect to the Motion for Summary Judgment but asserts that the contract between Washington and Temporary Property Management, Inc. is sufficient to present a factual issue because it provides that the contract will be performed under the personal and direct supervision of one of its officers.
The contract was signed by the third-party defendant, Robert Comfort, as president, and accordingly he did not assume any personal obligations under the contract. The obligations under the contract are imposed upon Contemporary and there are no provisions in the contract requiring the third-party defendant, as an individual, to perform any tasks relating to plaintiff's claim. An officer of a corporation does not incur personal liability for the torts of the corporation merely because of his official position. An officer of a corporation, may, however, incur liability if the officer participates in the commission of a tort. Scribner v. O'Brien, Inc. 169 Conn. 389, 404. (1975). The affidavit filed on behalf of the third-party defendant establishes that he did not participate in the day to day management of the property upon which the plaintiff claims to have sustained his injuries and there is no contractual obligation obligating him to do.
The third-party plaintiff has failed to demonstrate that a CT Page 2419 factual question exists with respect to a personal duty imposed on the third-party defendant or that the third-party defendant undertook to perform any functions. The third-party plaintiff has also failed to controvert, by affidavit or otherwise, any of the facts set forth in the affidavit submitted on behalf of the third-party defendant and the court is, therefore, entitled to rely upon the facts as stated. Fogarty v. Rashaw, 193 Conn. 442, 444-445
(1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12
(1983).
Accordingly, the Motion for Summary Judgment is granted.
RUSH, JUDGE