[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Mark F. Katz for plaintiff.
McNamara Kenney for defendant.
The plaintiff, Catherine V. O'Rourke, filed an amended complaint against the defendant, Trusthouse Forte Food Services Inc. (Trusthouse), alleging that Trusthouse was negligent in causing her to slip and to fall on property that it maintained while she was employed by Walden Books. Previously, Walden Books O'Rourke's employer, had intervened in the action to recover Workers' Compensation benefits that it had paid to O'Rourke.
Trusthouse filed a single count counterclaim. Trusthouse alleges that Walden Books is liable to indemnify it for any losses that it might suffer to O'Rourke.
Walden Books has now filed a motion (#137) for summary judgment, and attached a copy of the indemnification agreement.[1]
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. NewHaven, 213 Conn. 277, 279, 597 A.2d 1183 (1989). Practice Book § 384; see also Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11, 459 A.2d 115 (1983). Accordingly, the court's task is "[i]ssue finding, rather than issue determination. . . ." Yanow v.Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
The moving party bears "the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507
CT Page 830 (1994). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). When reviewing the evidence presented by the parties, "the trial court must view the evidence in the light most favorable to the nonmoving party." Lees v. MiddlesexInsurance Co. 229 Conn. 842, 849-50, 643 A.2d 1282 (1994).
Walden Books argues that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Walden Books bases its legal argument on the indemnification agreement between Trusthouse and it. Walden Books argues that it has promised to indemnify Trusthouse only for Walden Books' own negligence. Walden Books further argues that because O'Rourke has claimed that only Trusthouse is negligent,[2] this case does not concern the negligence of Walden Books. Trusthouse argues in opposition to summary judgment that the indemnification agreement covers the negligence of Walden Books' employees, and that a factual issue remains as to whether it or Walden Books' was negligent.
"Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 158, 595 A.2d 872 (1991). In this present case, the language of the indemnification agreement is clear: Walden Books will indemnify Trusthouse for the negligence of Walden Books' employees, agents or servants. (See footnote 1, supra.)
In Echevarria v. Trinity College, 11 Conn. L. Rptr. 45 (February 3, 1994, Corradino, J.), the plaintiff's employer, the Marriott Corporation, had an indemnification agreement with the defendant, Trinity College. The indemnification agreement referred "only to the acts or omissions by the employer." Id., 46. The plaintiff had alleged negligence against only the defendant. The court granted the employer's motion to strike the counterclaim for indemnification because "if the plaintiff obtains a judgment against the defendant, [the defendant's] own claim against Marriott fails. If on the other hand it fails to prove negligence on the defendant's part, the indemnity agreement is moot." Id., 47.
This same logic applies to this case. Walden Books' motion for summary judgment is granted because Trusthouse cannot use the indemnification agreement to collect any money from Walden Books.[3] If O'Rourke fails to prove that Trusthouse's negligence CT Page 831 caused her injuries, then Trusthouse has not lost anything. If O'Rourke proves Trusthouse's negligence caused her injuries, then the indemnification agreement is not effective because the agreement covers only the negligence of Walden Books.
Accordingly, Walden Books' motion for summary judgment is granted.