## Dezso Bartha, Jr. *v.*
## Waterbury House Wrecking Company, Inc., et al.
## (10885)

Peters, Healey, Parskey, Shea and Grillo, Js.

Argued February 4—decision released May 3, 1983

*Donald C. Simmons,* for the appellant (plaintiff).

*Thomas L. Brayton,* with whom, on the brief, was *Terence D. Mariani,* for the appellee (named defendant).

Shea, J. This appeal contests the propriety of a summary judgment rendered for the named defendant, Waterbury House Wrecking Company, Inc., in an action based upon negligence and nuisance. In a com-

plaint, which was served July 5, 1979, the plaintiff alleged that he sustained serious injuries when he fell into a large hole or excavation while on duty as a Waterbury policeman on August 5, 1977. The accident occurred on property owned by the city of Waterbury. The defendant had entered into a contract with the Waterbury Urban Renewal Agency in September, 1972, to provide demolition and site clearance services for that parcel of land. The plaintiff asserted two grounds for the defendant's liability: (1) the negligent performance of its 1972 contract with the Waterbury Urban Renewal Agency and (2) the creation of a hazardous condition having a tendency to cause injury by failing properly to safeguard in some manner the hole into which the plaintiff fell.

In its answer the defendant admitted entering into the alleged contract in September, 1972. By way of special defense, however, the defendant asserted that it had completely discharged its duties under the contract as of September, 1973, and claimed that the plaintiff's action was barred by two statutes of limitations, General Statutes §§ 52-577[1] and 52-584.[2] Once the pleadings were closed, the defendants moved for summary judgment on this special defense. Accompanying

---

[1] "[General Statutes] Sec. 52-577. ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[2] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

the motion was an affidavit of the president of the defendant company, Peter Vileisis, who stated that the work on the site was completed as required by the contract with the Waterbury Urban Renewal Agency in November, 1972. The plaintiff filed an objection to the motion for summary judgment and a brief, but submitted no counter-affidavit. The trial court granted summary judgment, ruling that the statutes of limitations barred the action because the affidavit supporting the motion indicated that the defendants had ceased work on the site and that the contract had been completed more than three years before "the date of the act or omission complained of." General Statutes §§ 52-577, 52-584.

The plaintiff has appealed from the judgment. He claims that the trial court erred in granting the motion for summary judgment because (1) the completion date of the defendant's work on the site was a genuinely disputed issue of material fact and, therefore, summary judgment should not have been rendered and (2) the second count of the complaint, alleging the creation of a hazardous condition, implicated a continuing course of tortious conduct, and, therefore, was not subject to defeat by the statutes of limitations. We find no error.

Both the plaintiff's claims of error founder upon his failure to present properly to the trial court sufficient countervailing facts for consideration in accordance with the procedures governing summary judgment.[3]

---

[3] "[Practice Book] Sec. 380. —PROCEEDINGS UPON MOTION

"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the court otherwise directs. The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence. Affidavits, and other docu-

A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377–78, 260 A.2d 596 (1969). When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts

mentary proof not already a part of the file, shall be filed and served as are pleadings.

"Sec. 381. —FORM OF AFFIDAVITS

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto.

"Sec. 382. —WHEN APPROPRIATE DOCUMENTS ARE UNAVAILABLE

"Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

"Sec. 383. —AFFIDAVITS MADE IN BAD FAITH

"Should it appear to the satisfaction of the court at any time that any affidavit is made or presented in bad faith or solely for the purpose of delay, the court shall forthwith order the offending party to pay to the other party the reasonable expenses which the filing of the affidavit caused him to incur, including attorney's fees. Any offending party or attorney may be adjudged guilty of contempt, and any offending attorney may also be disciplined by the court.

"Sec. 384. —JUDGMENT

"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

stated in the affidavit of the movant. *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5, 357 A.2d 484 (1975). "Such affidavits, documents and pleadings will be considered in determining whether there is a genuine issue as to any material fact. 10 Wright & Miller, Federal Practice and Procedure § 2722; 73 Am. Jur. 2d, Summary Judgment § 32." *Farrell* v. *Farrell,* 182 Conn. 34, 38, 438 A.2d 415 (1980); see *Conference Center, Ltd.* v. *TRC,* 189 Conn. 212, 217, 455 A.2d 857 (1983). Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. *Velardi* v. *Ryder Truck Rental, Inc.,* 178 Conn. 371, 375, 423 A.2d 77 (1979); see *Farrell* v. *Farrell,* supra, 39; *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149 (1967). "The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." Practice Book § 380.

The essence of the plaintiff's first claim of error is that the trial court could not rule on the statute of limitations defense because the issue of when the defendant completed the work was a controverted material fact. We disagree. The affidavit submitted by the defendant stated that all its work on the site had been completed in November, 1972. No counteraffidavit disputing that fact was submitted. The plaintiff does not attack the defendant's affidavit as insufficient in form; Practice Book § 381; or as made in bad faith. Practice Book § 383. Nor does the plaintiff claim that "the facts essential to justify his opposition" were unavailable. Practice Book § 382. No motion was made pursuant to Practice Book § 382 for a continuance or a discovery order. Nevertheless, the plaintiff maintains

that the trial court was not entitled to rely on the affiant's statement that the defendant's work on the site was completed in November, 1972, because its answer stated that the contract was completed and accepted by the Waterbury Urban Renewal Agency in September, 1973. This discrepancy was immaterial, however, because the limitation of three years for commencement of suit from "the date of the act or omission complained of" would have expired even if the later date was the critical one. Since the trial court had before it an affidavit sufficient in form and not controverted in any material respect by the plaintiff, the court was entitled to rely upon it.

The plaintiff's second claim of error, that he has alleged a continuing tortious conduct which tolls the statute of limitations, must also fail because of the absence of any factual presentation to the trial court. The defendant did not dispute the existence at the time it performed the contract of the hazardous condition which the plaintiff alleged to have resulted from its work. The fact that the defendant may have been aware of this hole at the time the contract was completed, however, would not in itself establish that it had a continuing duty to warn of the danger or to safeguard the hole. See *Handler* v. *Remington Arms Co.*, 144 Conn. 316, 321, 130 A.2d 793 (1957); *Vilcinskas* v. *Sears, Roebuck & Co.*, 144 Conn. 170, 174, 127 A.2d 814 (1956). The plaintiff presented no facts, by affidavit or in some other form required by Practice Book §§ 380, 381, which would reasonably support an inference of a continuing breach of duty by the defendant. The complaint itself contains no allegation of facts giving rise to a continuing duty on the part of the defendant.[4] Without any

---

[4] The complaint contains a general allegation of notice or knowledge by the defendant of the dangerous condition created by the hole left upon the demolition site. We do not construe this to mean that the defendant acquired

indication of a continuing breach of duty properly presented, the trial court was entitled to rely on the statement in the affidavit that the contract work was completed and that the company's contact with the site ceased more than three years before the commencement of the action. Since the facts were not disputed and there appeared no countervailing circumstances impeding the normal application of the statute of limitations, the summary judgment was properly rendered.

There is no error.

In this opinion the other judges concurred.

---

any further knowledge of the existence of the hole after its completion of the contract or to imply an expectation on its part that the site would remain in the condition in which it was left for an extended period of time. In any event, the summary judgment was granted not for a deficiency in the pleadings but because of the failure of the plaintiff to furnish in requisite form any facts negating those presented in the affidavit of the defendant.