[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In support of his motion, the plaintiff has filed an affidavit that on June 27, 1989, at about 12:30 a.m., he was operating a motor vehicle in a southerly direction on Hawley Lane in Trumbull, Connecticut. At that time, his vehicle was struck in the rear by a truck operated by the defendant, Ronald Bertin and owned by Bertin's employer, the defendant Southern Connecticut Gas Company.
The plaintiff avers that he sustained personal injuries as a result of the collision.
The plaintiff also refers to two documents produced by the defendants in response to interrogatories and production requests. One is a handwritten automobile report completed by the defendant operator Bertin in which he states, with reference to the accident: "I rear-ended other vehicle." The other is an "on the spot" accident report, completed for insurance purposes, shortly after the accident. To this report Bertin states: Driving south on Hawley Lane, Trumbull, very slow moving traffic due to construction, hit car in rear no faster than five miles per hour. Bumper to bumper, police on scene, Trumbull."
Plaintiff's brief makes additional reference to a state operator's report filed with the motor vehicle department. This latter document was not submitted with the brief and is not considered.
The defendants made no claim of contributory negligence in their answer to the complaint. The defendants filed no responsive brief or controverting affidavit in reply to the plaintiff's motion for summary judgment.
The failure of the defendants to controvert warrants the court to rely upon the facts stated by the plaintiff. Fogarty v. Rashaw, 193 Conn. 442, 444-45, 476 A.2d 582 (1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 10-12,459 A.2d 115 (1983).
The affidavit of the plaintiff together with the admissions of the defendant operator establish there is no genuine issue of fact that the accident was caused by the negligence of the defendant Bertin when he failed to operate the truck he was driving a reasonable distance apart in CT Page 3326 violation of General Statutes 14-240, as alleged in the complaint.
Summary judgment may issue in favor of the plaintiff against the defendants on the issue of liability only.
NIGRO, JUDGE