[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, a West Hartford police officer, brings this action to recover damages for injuries alleged to have been sustained on the premises of the defendant. The plaintiff was dispatched, in the course of her duties, to investigate a possible burglary after the defendant's burglar alarm was activated. After receiving no response to her knock on the front door, she patrolled the perimeter of the premises and as she came to a spiked, wrought iron fence, she heard a suspicious sound on the other side. In order to investigate the sound and finding the gate in the fence inoperable, she attempted to scale the four and one-half (4 1/2) foot fence and became impaled on one of the vertical spikes. Her efforts to disengage caused her to fall resulting in further severe injuries to her right thigh. The action is grounded in negligence for the failure to remedy or warn of a hazardous condition which was unlighted and with an inoperable gate.
The defendant denies such negligence and specially pleads the plaintiff's negligence. The defendant moves for summary judgment with an affidavit of the defendant. Her affidavit alleges that she was in Florida at the time of the incident and does not know if anyone was using the premises at the time. The fence on the premises had no path leading to it and was used to enclose a swimming pool located in the rear yard. The pleadings have been closed.
The plaintiff requested that the court reserve decision of this motion pending the decision on the case of Furstein v. Hill now before the Connecticut Supreme Court which would include a determination of the legal status of a police officer responding to a burglar alarm. This court's investigation determined that the issue of whether an officer responding to a burglar alarm is a licensee or invitee was indeed before the Connecticut Supreme Court and would shortly be decided. This court therefore decided to take the plaintiff's request as a wise course of conduct. The Furstein decision has been rendered and is indeed helpful in this court's decision.
In acting on a motion for summary judgment, the court will consider the pleadings, affidavits and other documents in determining whether there is a genuine issue as to any material fact. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12.
A police officer responding to a burglar alarm is owed the duty of a licensee. Furstein v. Hill, 218 Conn. 610, 623. A licensee must take the premises as he finds them. Id. 624. The duty to a licensee only encompasses the possessor's knowledge or reason to know of a condition of unreasonable risk of harm to a licensee who will not discover it so as to remedy the condition or warn him of it. Id. 624. Under the circumstances CT Page 3958 of this case the condition of unreasonable risk alleged, the spiked fence, would be patent to the plaintiff as well as the defendant, particularly in the manner in which it was scaled.
For the above reasons the motion for summary judgment is granted in favor of the defendant.
Corrigan, J.