[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The affidavit of the plaintiff Mario Ciccarello states that on September 24, 1986, the defendant Gaeton LePage executed a promissory note payable to the plaintiffs. The defendant has admitted to the execution of the note, has failed to pay installments since January 24, 1991, and has stated his inability to pay. The defendant is indebted to the plaintiffs in the amount of $53,445.82. In addition, the promissory note provides that the defendant is responsible for the plaintiffs' attorney's fees and costs. The defendant has not submitted a counter-affidavit.
A trial court may appropriately render summary judgment when it is demonstrated that there is no genuine issue of material fact remaining between the parties and the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983). When an opposing party does not respond to such a motion with affidavits or other documents, the court is entitled to rely upon the facts stated in the affidavit of the movant. Id. at 11-12. The plaintiff has established that he is owed money on the promisory note and that attorney's fees also must be paid by the defendant. CT Page 9963 The defendant has not disputed plaintiffs' evidence.
Accordingly, summary judgment is granted.
JOHN M. BYRNE JUDGE, SUPERIOR COURT.