[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment on the ground that the plaintiff has failed to disclose expert witnesses on the standard of care and that deviations from it amounted to corporate and nursing negligence. Even where there is no genuine issue of material fact, the moving party must show that it is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The complaint is based on a defective hospital bed, namely that it was unsafe, that it was not properly maintained and related allegations of negligence.
The defendant is correct that in a medical malpractice case expert testimony is required to prove the standard of professional care to which the defendant is held, and that the defendant failed to conform to the standard of care. Mather v. Griffin Hospital, 207 Conn. 125, 130-31. Where there is a claim of corporate negligence in operation of a hospital, there must be expert testimony of the standard of care applicable to similar hospitals and that the hospital's conduct did not meet that standard. Buckley v. Lovallo,2 Conn. App. 579, 582 (failure to have adequate rules and regulations on granting surgical procedures and evaluating personnel as to those procedures). However, a claim of a CT Page 11212 defective bed is a garden variety negligence claim rather than a malpractice claim, corporate or otherwise. The amended complaint contains one count. Even though some of the allegations of negligence or malpractice may require expert testimony, such evidence is not necessarily required to prove that the bed was defective. The defendant is not entitled to judgment as a matter of law.
The motion for summary judgment is denied.
Robert A. Fuller, Judge