[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant John Gasidlo, attorney for the named defendant, has filed a motion for summary judgment on the second count of the complaint in this action by the City of Danbury for payments on a welfare lien. Gasidlo successfully represented D'Emilio in two personal injury actions which were settled in 1991 by a structured settlement with an initial payment of $69,500 and monthly payments of $800 per month for life to D'Emilio. After payment of attorneys fees, costs of suit, unreimbursed hospital and physicians bills, and a welfare lien of the State of Connecticut, only $1,000 remained, and it was disbursed by Gasidlo to the City of Danbury. No payments were made to D'Emilio initially. No additional payments were made to Gasidlo, and the monthly checks have apparently been paid directly to his former client. The City is owed $15,158.58, and received an assignment of the personal injury claim from D'Emilio. In opposition to the motion the plaintiff has filed a copy of the assignment and an affidavit stating that Gasidlo had notice of it. A motion for summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11-12. The essential facts here stated above are clear and undisputed. The defendant Gasidlo relies on section 17-283a of the General Statutes which he claims supports his disbursement of the settlement proceeds, and further claims that since he has no other funds owing to D'Emilio, and is not entitled to and will not receive any of the monthly payments on the structured settlement, he is not liable to the City. The plaintiff claims that the same statute and the assignment required Gasidlo to pay off the City's welfare lien as a result of the assignment, and that the assignment does not apply only to lump sum payments.
The relevant portion of section 17-283a(a) gives a municipality which has provided public assistance a welfare lien against some of the proceeds of a cause of action of the person receiving assistance, but provides that the lien is subordinate to any interest of the State under section 17-83f, attorney's fees and expenses in the action, and hospital and physicians fees for services connected with the cause of action. The CT Page 418 disbursements by Gasidlo were made based on this provision and were proper and had priority over any claims of the plaintiff. The statute also provides: "The proceeds of such causes of action shall be assignable to the town for payment of such lien irrespective of any other provision of law except section 17-83f. Upon presentation to the attorney for the beneficiary of an assignment of such proceeds executed by the beneficiary . . . such assignment shall constitute an irrevocable direction to the attorney to pay the town in accordance with its terms."
The assignment here from D'Emilio covered by its terms "money now due or to become due", defined as the gross amount realized less deduction of medical costs, attorneys fees, and costs of suit. It directed the attorney to pay over to Danbury "so much of said moneys realized upon such claim as become due to me". The attorney carried out his obligations under the statute. After deducting the fees allowed by both the statute and the assignment, he paid over all remaining funds in his possession to the plaintiff. Gasidlo has no right to receive any additional funds from the settlement of the personal injury actions of his former client. An attorney cannot pay over funds which never come into his possession even if he has notice of an assignment of the funds. He has no obligation to act as a free collection agent for the municipality with whom he has no attorney client relationship. The assignment only covered what the client had the right to assign. While the City is entitled to the monthly payments on the structured settlement, the attorney has no duty to pay them over unless they are received by him, which has not happened here.
The attorney also has no obligation to compromise his client's legal rights by rejecting a structured settlement in a personal injury case which is in the client's interest in order to have more immediate funds on hand to pay off the client's creditors. The total value of the settlement was $189,500, and there is nothing to indicate any improper motive of either defendant in negotiating the settlement of the personal injury claims.
The motion for summary judgment is granted on the second count of the complaint.
Robert A. Fuller, Judge CT Page 419