[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Joseph and Ruth Garthwait, bring this action in one count against defendants, Bankers Standard Insurance Company (Bankers Standard) and Cigna Property and Casualty, as a result of the denial of a claim under a homeowner's policy, issued by the defendants to the plaintiffs, for property damage as a result CT Page 3023 of a domestic heating oil leak. The plaintiffs seek recovery for damage to their real and personal property as well as for expenses incurred for loss of use of their home during cleanup. Bankers Standard, a Cigna Property Casualty Company, answered the complaint denying all allegations except for the allegation that it issued a homeowner's policy to the Garthwaits on property located at 119 Woodland Dr., Cheshire, Connecticut, and that it received a notice of loss form and that it refused to pay on the claim submitted. In addition, Bankers Standard asserts four special defenses identifying the policy provisions which purport to exclude plaintiffs' claim from coverage. Plaintiffs replied denying each and every allegation of the special defenses. The pleadings are closed between the parties.
On March 31, 1992, Bankers Standard filed a motion for summary judgment. Defendant argues that summary judgment is appropriate here for the following reasons: (1) the policy excluded coverage for loss to real property caused directly or indirectly by the release, discharge or dispersal of contaminants or pollutants, (2) the personal property provision insured only against specifically named perils none of which caused the loss in question, and (3) the policy covered expenses incurred due to the loss of use of the home only if the real or personal property damaged resulted from a covered loss. In support of its argument, defendant submitted a copy of the insurance policy, the affidavit of Robert Hauser, a home heating specialist with the Brem Company, Inc., a heating contractor, stating his opinion as to the cause of the fuel oil leak, and a memorandum of law.
In opposition to the motion, plaintiffs filed a memorandum of law in which they argue that the policy exclusion for damage to real property by "release, discharge or dispersal of pollutants or contaminants" does not exclude this loss because the policy is ambiguous as to whether the home heating oil released within the curtilage of the Garthwait's home is a pollutant or contaminant; therefore, any ambiguity should be resolved in favor of the insured. The plaintiffs further argue that a genuine issue of fact remains as to the cause of the loss. In their memorandum of law, plaintiffs did not address the claims for coverage of personal property or expenses for the loss of use of their home.
In its reply memorandum to plaintiffs' opposition, Bankers Standard advances five arguments essentially distilled to two. The meaning of the term "contaminant" is unambiguous as written, CT Page 3024 and the damage to personal property is not covered because the loss was not caused by a named peril.
On June 16, 1992, in response to the defendant's reply memorandum, the plaintiffs filed a memorandum in which they argue that two genuine issues of material fact exist: (1) whether home heating oil is a pollutant or contaminant and (2) whether the sole and undisputed cause of the leak was copper tubing rubbing against a wooden stud, which was part of the structure of the house, over a period of years due to ongoing vibrations along the fuel line induced by normal operation of the oil burner, as defendant's expert claims.
The defendant filed a reply to the plaintiffs' response, on June 26, 1992, asserting that the relevant underlying facts are not in dispute and, therefore, the court may address the meaning of the insurance policy on the issue of Bankers Standard's liability as a question of law.
"Summary judgment is appropriate when all the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving part; is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 1212 (1990).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,12, 459 A.2d 115 (1983). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts. . . which contradict those stated in the movant's affidavits and documents." State v. Goggin, 208 Conn. 606, 616-17, 546 A.2d 250
(1988).
The defendant argues that summary judgment should be granted on the ground that the claims at issue are specifically excluded under the exclusionary provisions of plaintiffs' policy.
The defendant claims the following clause excludes coverage for damage to the plaintiffs' home.
 Breakdowns, Wear and Tear. We will not cover losses from any of the following causes: wear and tear, marring, CT Page 3025 scratching or deterioration. Smog, rust, decay, mold, wet or dry rot, or the release discharge or dispersal of contaminants or pollutants. . . .
In addition the defendant filed the affidavit of its expert, Robert Hauser, a home heating specialist with the Brem Company, Inc., a heating contractor. Hauser states that he examined the copper tubing connecting the fuel tank to the boiler and concluded that the leak occurred due to continuous rubbing of the tubing over an exposed stud, which was part of the structure of the house, as a result of vibrations induced by the normal operation of the boiler.
In opposition to the present motion the plaintiffs argue that the policy is ambiguous as to whether home heating oil released within the curtilage of their home is a pollutant or contaminant. The plaintiffs further argue that a genuine issue of fact remains as to the cause of the loss.
In addition to their memorandum of law, plaintiffs submit the affidavit of their expert, Robert Donovan.
Donovan disputes Hauser's opinion.
 The oil tubing was not in contact with a stud in the wall particularly where the leak occurred. There was no possibility of vibrations which could have caused the tube to wear through. The tubing rested on the floor in a protected location and was not subject to wear and vibration.
Donovan further states that as a result of Hauser's having "picked at the tube and enlarged the hole, [he] thus destroy[ed] any possibility of determining the cause of the leak."
As to this argument, the plaintiffs have established an adequate factual predicate to demonstrate the existence of a material fact concerning the cause of the fuel oil leak. Therefore, on this ground, defendant's motion for summary judgment is denied.
Further, on the pleadings, the parties are at issue as to CT Page 3026 whether home heating oil is a contaminant within the meaning of the policy exclusion, as written. Neither party has submitted independent or documentary proof to make quite clear what the truth is and to exclude any doubt as to the meaning of the term. Therefore, defendant's reliance on this assertion is insufficient to prove that no genuine issue of material fact exists as to the meaning of the term "contaminant" as written in the plaintiffs' homeowner's policy.
In light of the foregoing, defendant's motion for summary judgment is denied on this ground as well.
Howard F. Zoarski, Judge