[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAGAINST MICHAEL WEBSTER
Defendant has moved for summary judgment on all three counts of the complaint as to the plaintiff, Michael Webster, (hereinafter "Webster"), claiming, inter-alia, that the insurance CT Page 2601 policy in question imposes no duties upon the defendant to Webster under count one that alleges breach of contract and breach of an implied covenant of good faith and fair dealing, and no duties to Webster under counts two and three that allege violation of the Connecticut Unfair Insurance Practices Act (hereafter "CUIPA") and the Connecticut Unfair Trade Practices Act (hereafter "CUTPA").
The facts are not in dispute based upon the pleadings, affidavits, exhibits and concessions made at oral argument. This action arises out of a motor vehicle accident on March 11, 1992 in East Windsor, Connecticut in which Webster was riding as a passenger in a 1986 Nissan vehicle which was insured under the defendant's insurance policy attached to the briefs of both parties in which the plaintiff, Therese Wegrzyn, (hereafter "Wegrzyn"), was the only named insured. It was a one vehicle accident. The driver was Guy Beaudoin (hereafter "Beaudoin"), who was operating the vehicle with the permission of the owner/insured, Wegrzyn, and its is alleged that Beaudoin was negligent and caused the accident. Wegrzyn was not an occupant of the vehicle at the time of the accident. Webster suffered injuries as a result of the accident. His medical bills, lost wages, etc., were paid by another insurance carrier. He has given a release to Beaudoin.
Summary judgment will be granted if the pleadings, affidavits, documents, or other proof submitted establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Daily v. New BritainMachine Company, 200 Conn. 562, 568, 512 A.2d 893, 897 (1986);Bartha v. Waterbury House Wrecking Company, 190 Conn. 8, 11,459 A.2d 115, 117 (1983); Practice Book § 384.
The court finds that there is no genuine issue of material fact.
Plaintiff seeks recovery based upon Parts 1, 2, 5, and 6 of, the policy.
Part 1 of the policy provides for payment of damages to persons injured by the insured's auto in Massachusetts accidents and specifically excludes accidents outside of Massachusetts. The subject accident took place in East Windsor, Connecticut. Accordingly, Part 1 does not apply here. CT Page 2602
Part 2 of the policy is for no-fault benefits and Part 6 of the policy is for medical expenses. However, Webster has admitted that all of his no-fault benefits and medical bills to date have been paid under no-fault/medical expenses provisions of other auto insurance policies. Both Parts 2 and 6 provide that "we will not pay benefits under this Part which duplicate payments made under the (No-Fault) (Medical Payments) coverage of any other auto policy." Webster claims that he may incur medical expenses in the future, but both parts exclude payment for any expenses incurred more than two years after the accident. Webster claimed in oral argument that he held off having plastic surgery because he didn't think or didn't know he would be paid under this policy, and under equity he should, therefore, not be held to the two year limitation. The court finds no merit to this claim. For the foregoing reasons, Parts 2 and 6 do not apply here.
As for Part 5 of the policy, Webster claims that he is a third party beneficiary of the insurance policy, i.e., third party beneficiary of the contract between Wegrzyn and the defendant. He makes the same claim under Part 1 which this court has held does not apply because the accident was outside of Massachusetts. However, otherwise, both Parts 1 and 5 contain the following pertinent language:
 "The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement."
This language clearly refers to the obligation of the defendant to pay, on behalf of the named insured, Wegrzyn, damages to the injured party, Webster, as a result of a suit or claim, in tort (negligence) against the authorized operator and the named insured, Wegrzyn, as the owner of the vehicle, resulting in a judgment against the named insured or a settlement on her behalf. It is not a basis for a claim or suit against the defendant directly. A breach of contract claim would have to be by the named insured against the defendant for failure to defend her or pay damages on her behalf. Webster is not a third-party beneficiary under the insurance policy permitted to make a claim against the defendant under Parts 1 or 5. Blakeslee ArpaiaChapman, Inc., v. U.S.F. G., 21 Conn. Law Trib. 1, 4A (March 4, 1994, Hurley, J.) cited by Webster is not in point. That was a case involving a surety bond. Webster's reliance on General Statutes § 38-321 is misplaced. That section merely provides that the named insured does not have to pay a final judgment CT Page 2603 before a third party can hold the insurance company liable.
As for Webster's claim of breach of an implied covenant of good faith and fair dealing, it does not apply to one who is not a party to a contract. "The concept of good faith and fair dealing is essentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190 (1988). Webster is not a "contracting party," and, therefore, cannot successfully assert a claim of violation of an implied covenant of good faith and fair dealing.
Judge Shaughnessy's decision on the motion to strike is not the law of the case as is claimed by Webster. His decision held that an individual could maintain a private cause of action under CUIPA and that a CUIPA claim requires only a singular act of insurer misconduct. It does not address the issue of whether a third party to an insurance contract can sue under CUIPA or CUTPA. On that issue, assuming Webster is a third party beneficiary of the insurance policy, he does not have a right to sue under CUIPA or CUTPA. This court is impressed with the reasoning of Judge Satter in Thompson v. Aetna Life CasualtyCompany, 2 CSCR 648 (1987) in holding that a third party does not have a cause of action against a tortfeasor's insurer under CUIPA. Of particular note is his citation of Scroggins v.Allstate Insurance Co., 74 Ill. App.3d 1027, 393 N.E.2d 718
(1979) and its comment on the legislative history of the model act. Also, his analysis of the Connecticut legislative intent shows that "CUIPA does not clearly create rights in the third party claimant against the insurer." As for CUTPA, under Mead v.Burns, 199 Conn. 651 (1986), a plaintiff may not bring a cause of action under CUTPA where there is no violation of CUIPA. This is the rule under Mead v. Burns, 199 Conn. 651, supra, and underThompson v. Aetna, 2 CSCR 648, supra. It is also the law of this case on this issue as addressed by Judge Shaughnessy in his Memorandum of Decision on the motion to strike with which decision on this issue this court agrees.
For the foregoing reasons, the defendant is entitled to a judgment as a matter of law. Its motion for summary judgment is granted.
Plaintiff, Webster can, however, bring a separate action against the named insured under General Statutes § 52-593. This court has not seen the release from Webster to Beaudoin, but CT Page 2604 if it is valid and is upheld, then such an action against the named insured may be an exercise in futility.
Rittenband, J.