[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action was commenced by the plaintiff, Edward Lelio, in two counts against the defendants, Connecticut Post Limited Partnership, Westfield, Inc. (hereinafter Connecticut Post), and Knickerbocker Restaurant, Inc. (hereinafter Knickerbocker). The plaintiff claims damages for injuries he sustained when he allegedly fell due to the icy condition of the parking area at the Milford Post Shopping Center owned by the defendant Connecticut Post. CT Page 3015
The instant motion for summary judgment was filed by the defendant, Knickerbocker along with supporting documents, contending that Knickerbocker did not own nor have control over the subject parking area.
Practice Book § 384, provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water WayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664, A.2d (1994). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699, (1990). Hence "[a] motion for summary judgment should be granted only when the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg.Co., 230 Conn. 660, 664, A.2d (1994).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water Way Properties v. Colt's Mfg.Co., 230 Conn. 660, 665, A.2d (1994).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983).
"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Internal quotations omitted.) Brookfield v. Candlewood ShoresEstates, Inc. 201 Conn. 1, 9, 513 A.2d 1218 (1986).
In support of its motion, the defendant has presented: 1) an CT Page 3016 affidavit of the defendant Knickerbocker; 2) a copy of the lease between Knickerbocker and Connecticut Post Limited Partnership; and 3) a copy of witness, P. Giavonne, Jr's. deposition.
Paragraph E of the lease grants Knickerbocker the right of non-exclusive use, in common with other tenants and other common facilities as hereinafter described.
Paragraph 26A provides that the "common facilities which may be furnished by the landlord in or near the shopping center for the general common use of the tenants . . . including . . . all parking areas . . . shall at all times be subject to the exclusive control and management of the landlord."
Paragraph B provides that the "landlord will operate and maintain the common facilities which may be provided pursuant to this section."
Therefore, pursuant to the lease, the parking area where the fall allegedly occurred is a common area under the exclusive control of the landlord, Connecticut Post. Knickerbocker, one of a number of tenants of the premises, is not responsible for the maintenance of the parking area, as such an obligation would be the tenant's only pursuant to such a directive in the lease, and is not present therein. The affidavits and proof submitted by Knickerbocker sufficiently demonstrate that Knickerbocker was not in control of the parking area at the time of the fall. Absent control by it of the parking area in question or a maintenance obligation imposed pursuant to its lease with Connecticut Post, no liability for the condition of the parking area may be imposed upon Knickerbocker.
As there is no genuine issue as to the absence of the necessary element of control, defendant Knickerbocker's motion for summary judgment is granted.
Skolnick, J. CT Page 3017