[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #109
The plaintiff, as assignee of the original mortgagee, brings this action to foreclose on a note and mortgage. Named as defendants are Barbara and David Lehn. On September 14, 1994, David Lehn filed an answer in which he admits to executing the mortgage and quitclaiming his interest in the property to Barbara Lehn, and in which he leaves the plaintiff to its proof concerning all other allegations. On October 14, 1994, default entered against Barbara Lehn for failure to appear.
On December 20, 1994, the court, Rush, J., denied the plaintiff's first motion for summary judgment on the ground that copies of the note, mortgage and assignment were not attached to the plaintiff's affidavit. On May 29, 1995, the plaintiff filed the present motion for summary judgment, supported by an affidavit and documentary evidence. On May 30, 1995, Barbara Lehn filed an appearance. Neither of the defendants filed a memorandum, CT Page 9219 affidavit or other documentary evidence in opposition to the motion. The court also notes that neither defendant has raised any defenses, and that Barbara Lehn has not filed any pleadings in response to the plaintiff's complaint.
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11-12, 459 A.2d 115 (1983). Thus, in the present case, the court may rely on the movant's affidavit and documentary evidence, as neither of the defendants have submitted affidavits or documentary evidence in opposition to the motion.
The plaintiff's affidavit establishes that the defendants are in default on the note. Furthermore, the plaintiff's documentary evidence establishes that it is the current owner of the note and mortgage. Accordingly, the court finds that there are no genuine issues of material fact which would preclude the granting of summary judgment in favor of the plaintiff.
Thus, pursuant to Practice Book § 385, the court enters summary judgment for the plaintiff on the issue of liability, and a motion for judgment of strict foreclosure or foreclosure by sale may be filed for assignment on the short calendar.
Dated at Bridgeport, this 23rd day of August, 1995.
RICHARD J. TOBIN, JUDGE