[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action against the defendant seeking damages arising out of a bid to construct a "Carriage House" and "Garage/Barn" by the defendant on the plaintiff's property. By a bid CT Page 10216 dated December 21, 1993 the defendant indicated that certain work would be performed on the property and, on April 6, 1994 the plaintiff signed the bid and delivered a check in the amount of $20,000.00 to the defendant. The plaintiff has moved for summary judgment asserting that the actions of the defendant constitute an unfair or deceptive trade practice.
The affidavit filed by the plaintiff establishes that on April 6, 1994 the plaintiff signed a written proposal of the defendant and delivered to the defendant a check in the amount of $20,000.00 as a deposit. Between April 6, 1994 and May 16, 1994 no work of any kind was begun or done by the defendant on the project. The plaintiff called the defendant several times and when he spoke to a representative of the defendant on May 16, 1994 the plaintiff was told that "he would get to it when he would get to it." The defendant never began or did any work on the project. On May 16, 1994, the plaintiff, acting through his attorney, notified the defendant that by reason of its failure to do any work or to enter a formal agreement he requested immediate return of the $20,000.00 deposit and advised the defendant that the deposit was not returned by May 31, 1994 the plaintiff would pursue formal legal alternatives.
The responses by the defendant to the requests to admit filed by the plaintiff establishes the receipt of the $20,000.00; that the defendant did not enter into any written contract which contained a notice of cancellation in accordance with § 42-135(a) Connecticut General Statutes; that the defendant and the plaintiff did not enter into a written contract which contained a starting date or completion date; that the Carriage House and garage/barn were the garages for the storage and parking of automobiles on the plaintiff's property; that no contract was signed by the parties in compliance the requirements of § 20-429 of Connecticut General Statutes. The defendant also admits that it did not repay the sum of $20,000.00 and that a request was made to do so and that the request was received by the defendant.
The defendant has filed no affidavits or other documentary evidence setting forth any facts relating to the cause of action asserted by the plaintiff. The defendant has filed a special defense to the claim asserted by the plaintiff alleging that the plaintiff's causes of action are barred" by the bad faith and unfair dealings of the plaintiff", without further factual allegations. The defendant has also filed a counterclaim asserting that the parties entered into a contract and that the plaintiff breached the contract by failing to allow the defendant to perform the work referenced in the contract. The defendant has filed no affidavits in any evidence to give factual support to claims set CT Page 10217 forth in the Special Defense or the counterclaim.
The defendant contests the plaintiff's right to a summary judgment asserting that the plaintiff has not established that the Connecticut Home Improvement Act is applicable. The defendant asserts that the agreement requires the defendant to construct a "carriage house" (emphasis made by defendant) and therefore under the plain language of General Statutes § 20-419(4) the construction of a new home is exempt from the provisions of the Home Improvement Act. It is true that General Statutes § 20-419(4)(A) provides that the act does not apply to the "construction of a new home." However subsection (4) of that statute specifically provides that a garage is subject to the provisions of the act. The defendant's position overlooks the fact that its responses to the Request to Admit establish that the structures to be constructed constituted garages and also overlooks the plaintiff's affidavit stating that the structures were garages.
The defendant also asserts that the plaintiff is not entitled to a summary judgment on the grounds that, as asserted in its brief, Connecticut law establishes that "bad faith would preclude the plaintiff from recovering under the Connecticut Home Improvement Act". The problem with the defendant's assertion of bad faith is that while a Special Defense has been filed making such a claim and a counterclaim has been asserted by the defendant, there is no factual support submitted by the plaintiff. Indeed there is no factual support contesting the plaintiff's affidavit that he was told in May 1994 that the defendant would get around to doing the job when he got around to it. The failure of the defendant to set forth, by affidavit or other documents, evidence demonstrating a genuine issue for trial entitles the court to rely upon the facts properly set forth by the plaintiff.Bartha v. Waterbury House Wrecking, Co., 190 Conn. 8, 11-12 (1983).
The failure of the defendant to refund these deposit constitutes a per se violation of the Connecticut Unfair Trade Practice Act (General Statutes § 42-110a et seq). General Statutes § 20-427(b) 8 and (c); Haber v. Letsky, 12 Conn. L. Rptr. No. 9, 308 (September 26, 1994) (Walsh, R., J.)
Accordingly the plaintiff's Motion for Summary Judgment on the second count is granted as to liability only.
RUSH, JUDGE CT Page 10218