[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 1, 1996
On November 7, 1994, the plaintiff, Citicorp Mortgage, Inc. (CMI), filed an action claiming that the defendant, George J. Bradford (Bradford), issued a defective title insurance policy as agent for the Connecticut Attorneys Title Insurance Company (CATIC). The complaint was amended on November 6, 1995. The plaintiff alleges that Bradford issued a title insurance policy to induce CMI to lend $700,000 to Philip P. Tomasky in exchange for a mortgage on the subject property. The title insurance policy indicates that Tomasky was a fee simple owner of the property when, in fact, he was a tenant in common with his wife. The complaint alleges that CMI detrimentally relied upon Bradford's negligent misrepresentation concerning the status of Tomasky's interest in the property. The complaint alleges that CMI "did not learn that Attorney Bradford knew that the statements contained in the title policy were false until April CT Page 5109 6, 1993 when it [CMI] received a letter[1] from CATIC denying coverage under the policy because, inter alia, CMI knew of Mrs. Tomasky's interest in the property at the time of closing."
On November 3, 1995, Bradford filed an answer and a special defense that the statute of limitations barred the action.
On November 22, 1995, Bradford filed a motion for summary judgment and a memorandum of law in support. Bradford argues that CMI's claim for misrepresentation against Bradford is barred by the two year statute of limitations set forth in General Statutes § 52-584b. Bradford argues that CMI's cause of action against Bradford accrued at the time of closing, or, at the latest, on or about March 8, 1991 when CMI filed a mortgage foreclosure suit against Tomasky. Bradford submits a copy of the mortgage foreclosure complaint against Tomasky wherein CMI alleges that the Fairfield Land Records indicate that Tomasky's wife owned a one-half interest in the subject property since July of 1984.
On March 7, 1996, CMI filed an objection to the motion for summary judgment. CMI argues that a genuine issue of material fact exists as to when CMI's injury was first sustained or discovered. CMI contends that its injury was first discovered when CATIC informed CMI that it was considering denying coverage under the title insurance policy.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995), citing Practice Book § 384. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The adverse party shall file opposing affidavits and other available documentary evidence." (Alterations in original.) Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712, 721, 539 A.2d 595, cert. denied, 208 Conn. 803, 545 A.2d 1101 (1988). "When a motion for summary judgment is supported by affidavits and other CT Page 5110 documents, an adverse party, by affidavit or as otherwise provided by § 380, must set forth specific facts showing that there is a genuine issue for trial . . ." Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983).
General Statutes § 52-584b provides in relevant part that "no action, whether in contract, tort or otherwise, against an attorney to recover for injury caused by negligence or by reckless or wanton misconduct in the preparation of and the execution and delivery of an attorney's title certificate or opinion, or the title search in connection therewith, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, except that no such action may be brought more than ten years from the date of such delivery." CMI does not argue that General Statutes § 52-584b should not apply to the present complaint.
The issue in this case concerns on what date CMI's injury was first sustained or discovered or in the exercise of reasonable care should have been discovered, and whether the complaint was brought within two years of that date. The word "injury," as that term is used in General Statutes § 52-584b, is the injury found in the complaint — CMI's detrimental reliance upon Bradford's misrepresentation of Tomasky's interest in the subject property. The injury is not CATIC's denial of coverage under the title insurance policy.
Bradford has submitted a copy of the complaint filed by CMI in the mortgage foreclosure action on the subject property. The complaint alleges that CMI knew, on or about March 8, 1991, that Tomasky had only a one-half interest in the property. Thus, CMI Judicially admits that it knew of Bradford's alleged misrepresentation, at the latest, on or about March 8, 1991. SeeDrier v. Upjohn Co., 196 Conn. 242, 247-48, 492 A.2d 164 (1985). Moreover, CMI has failed to submit any documentary proof, as provided by Practice Book § 380, to refute this evidence. In fact, CMI admits in its brief submitted to this court that it was aware at the time it filed the mortgage foreclosure action that Tomasky owned only a one-half interest in the property at the time of closing.
The cause of action against Bradford accrued, at the latest, on March 8, 1991 when CMI filed the mortgage foreclosure action against Tomasky. The present action was brought October 24, 1994, CT Page 5111 more than two years after CMI's injury was first sustained or discovered. Therefore, the action is barred by General Statutes § 52-584b and the court grants the defendant's motion for summary judgment.