[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT #106
The plaintiff, Law Offices of Gary Oberst, P.C., filed a nine-count complaint against the defendants, Carol and Albert Varga, on October 29, 1996. The plaintiff alleges that it entered into a written agreement with the defendants on April 1, 1994 to provide to the defendants legal services at the rate of $185 per hour. The plaintiff alleges that the defendants owe it a principal balance of $4,287 plus costs and interest for services rendered from April 1, 1994 through March 15, 1995.
On October 6, 1997, the plaintiff filed a motion for summary judgment on the ground that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The defendants have filed no objection to the motion. The Matter was heard by the court on October 27, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other CT Page 11901 proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thompson Peck, Inc. v. Division Drywall,Inc., 241 Conn. 370, 374, 696 A.2d 326 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." Id.
The plaintiff has submitted a photocopy of a client data sheet dated April 1, 1994, which outlines a retainer amount, hourly bill rate and billing cycle. The signature of "Carol Varga" appears on a line entitled "Client Signature." (Motion For Summary Judgment, Exhibit 3). The plaintiff has also supplied as exhibits photocopies of bills outlining the services rendered by the plaintiff on behalf of the defendants. (Motion For Summary Judgment, Exhibits A-O). The plaintiff has further supplied the affidavit of Gary Oberst, president of the plaintiff. (Motion For Summary Judgment, Exhibit 2). Oberst attests that the plaintiff provided the defendants with legal services, the reasonable value of which is $4,287, all of which is due and owing. (Motion For Summary Judgment, Exhibit 2).
The defendants have neither submitted an opposition brief nor exhibits refuting the plaintiff's position. However, the adverse party does not respond to the motion for summary judgment, as in the present case, `the court is entitled to rely upon the facts stated in the affidavit of the movant.'" Cervero v. Zwiebel,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 037485 (September 28, 1992, McGrath, J.) (7 C.S.C.R. 1174), quoting Bartha v. Waterbury House Wrecking, 190 Conn. 8,11-12, 459 A.2d 115 (1983). However, the defendants did respond to the plaintiff's notice of request for admission, filed on October 22, 1997[1] wherein the defendants claim that the plaintiff was to be paid up to $500 on the warranty issue and that there was no agreement regarding payment for services on the truancy issue.
Because the defendants have failed to submit any evidence which would be admissible at trial, they have failed to demonstrate that any genuine issue of material fact is in dispute. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." HomeCT Page 11902Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185,202-03, 663 A.2d 1001 (1995). Here, the only evidence disputing the plaintiff's assertions are the sworn admissions of the defendant Carol Varga. "A party may not introduce its own admission made following a request for admission because the admission would not satisfy the exception to the hearsay rule for admissions of a party opponent." Martins v. ConnecticutLight Power Co., 35 Conn. App. 212, 228, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994). "Under the admissions of a party opponent exception to the hearsay rule, evidence must be offered against the party that made the admission." Id. "A party may not offer its own admission for its own benefit." Id. Therefore, because the defendants' admissions are inadmissible and thus cannot be considered on a motion for summary judgment, the plaintiff's motion is granted based on the plaintiff's affidavits.
STODOLINK, J.