[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, SN Excavation, Inc., (SN), moves for summary judgment, as to the second and third counts of the amended complaint, based on the expiration of the statutes of limitations pertinent to negligence and nuisance actions, respectively.
The plaintiff, Patricia Mayo, sues the Northeastern Connecticut Council of Governments (NECCOG), who provided services to the town of Putnam regarding improvements to the Putnam recycling center and transfer station, and SN, who allegedly constructed a recycling pit without appropriate and necessary barriers. This motion is directed to counts two and three which pertain to SN.
Summary judgment shall enter where there is no genuine issue as to CT Page 6482 material facts and the movant is entitled to judgment as a matter of law, P.B. § 17-49. Review of the supporting and opposing affidavits and documents discloses that there is no genuine dispute as to the following facts. On November 8, 1994, SN submitted a bid to the municipality to obtain a contract to repair and expand the town's recycling center. On March 31, 1995, NECCOG awarded the contract to SN. Work began on the site on April 11, 1995. The last time SN worked on the project was April 25, 1995. The town approved and accepted SN's work as completed on April 25, 1995. In paragraph thirteen of the contract, SN agreed to a full warranty as to material and labor for their work for a two year period.
The plaintiff began this action against SN on April 27, 1999. Her complaint alleges that on April 26, 1997, she fell into the unfenced pit created by SN and suffered certain injuries as a result.
SN contends that the statutes of limitations for negligence actions, General Statutes § 52-584, and tort actions in general, General Statutes § 52-577, bar institution of this suit more than three years after April 25, 1995, the date SN left the site. Section 52-584 provides that "[no] action to recover damages for injury to the person . . . caused by negligence . . . may be brought more than three years from the date of the act or omission complained of. . . ." Section 52-577
similarly provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
The plaintiff argues that the statutes of limitations were tolled because the contract between SN and the municipality created a continuous course of conduct situation. In particular, the plaintiff asserts that the warranty provision of the contract toiled the running of the statutes of limitations for its two year period. The court disagrees.
To support a finding of a continuous course of conduct sufficient to toll the running of a statute of limitations, the breach of duty must be as to a duty which remains in existence after the commission of the original wrong, Fichera v. Mine Hill Corp., 207 Conn. 204, 209 (1988). Such a residual duty arises if there is a special relationship between the parties or evidence of later conduct by the tort-feasor related to the previous act or omission, Id., 210. Examples of a special relationship are a doctor who continues to treat a patient after negligent treatment or a contractor who continues to advise a client after unworkmanlike or defective service, Id.
No such special relationship exists in this case between the plaintiff and SN. The plaintiff was a stranger to the agreement between SN and the municipality. The only link between them is that the plaintiff fell CT Page 6483 into an unfenced pit excavated by SN two years before the fall.
SN's subsequent conduct was unremarkable and had no connection with the plaintiff. SN provided no services, advice, or input after completing the project in April 1995. The town approved and accepted its work. The mere fact that SN ought to have been aware of the hazard it created and may have posed for prospective users of the recycling center is insufficient to create a continuing duty to warn of that danger or to safeguard the excavation, Bartha v. Waterbury Home Wrecking Co.,190 Conn. 8, 13 (1983). That case also involved the creation of a dangerous hole into which a police officer fell.
The plaintiff's contention that a warranty provision of the contract creates a continuous course of conduct effectively tolling the statutes of limitations has been rejected by our Supreme Court. In Beckenstein v.Potter and Carrier, Inc., 191 Conn. 150 (1983), that court held that a twenty year warranty on a defectively installed roof failed to create a continuous course of conduct which tolled the statute of limitation for product liability, Id., 160. The court recognized that the injury complained of occurred when the contractor ceased work on the roof, Id., 156-57.
Additionally, the court cannot see how the plaintiff, a third party, can derive any benefit from the warranty given from SN to the town. The language of the warranty obligates SN to compensate the town for material and labor necessary to repair defects occurring within two years. It is not an indemnification provision compensating for injuries resulting from such defects.
The plaintiff relies on the case of Handler v. Remington Arms Co.,144 Conn. 316 (1957), to support its claim of a continuing course of conduct. That reliance is misplaced. In that case, the plaintiff alleged not only the wrongful manufacture of ammunition, but also the mislabeling of the defective rounds, Id., 321. The mislabeling encouraged future use of the inherently dangerous items long after sale. Consequently, the act or omission which caused the damages continued right up to the point of misfire and injury, Id.
The excavation of a pit with inadequate barriers in the present case is not an inherently dangerous activity. No mislabeling is alleged to have occurred. The purportedly hazardous pit in the present case is factually indistinguishable from the dangerous excavation which existed in Barthav. Waterbury Home Wrecking Co., supra.
The allegations of negligence on the part of SN are contained in paragraph 6 of count two of the amended complaint and pertain to the CT Page 6484 unsafe construction of the pit and omit any allegation of a breach of a duty to warn others of the danger. Any breach of duty to construct a safe pit, including duty to inspect, occurred, at the latest, on the date SN ceased work on the site on April 25, 1995. As pointed out in Beckensteinv. Potter and Carrier, Inc., supra, 162, the statute of limitations applicable to negligence actions refers to the date of the untoward act or omission and not to the date when the cause of the injury is determined. This principle is equally true for the statute of limitation regarding torts in general.
Therefore, the court concludes that SN is entitled to judgment as a matter of law on counts two and three.
 ___________________ J. Sferrazza, J.