[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 8432
The plaintiff's have filed a three count complaint against the defendant, Stephen Barber, alleging; in the first count, that the defendant, acting in concert with another, unlawfully filed a mechanic's lien against their property and in count two, that the defendant, acting in concert with another, libeled the plaintiffs, and, in count three, the defendant, in concert with another, used the mechanic's lien for an unlawful purpose.
The plaintiffs alleges that, after a discussion with the defendant, Attorney Susan Patton filed on behalf of her clients, a mechanic's lien on the property of the plaintiffs, with the intent to harm them.
Summary judgment is appropriate when based on the pleadings, affidavits and summary evidence submitted, there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. See, Connell v. Colwell, 214 Conn. 242, 246-247 (1990); Practice Book Sec. 17-44.
The court after its review of the pleadings and affidavits concludes that the plaintiffs have not raised a genuine issue of a material fact and that the motion for summary judgment should be granted.
The plaintiffs' complaint and affidavit contain mere assertions, speculations and subjective beliefs that the defendant acted, in concert with Attorney Susan Patton Fox, with the intent to damage the plaintiffs. See, Bartha v. Waterbury House Wrecking House Company,190 Conn. 8, 11-12 (1983). The plaintiff did not raise the existence of the material fact that the defendant acted, in concert with Attorney Fox, with the intent to harm the plaintiff.
Accordingly, the defendant's motion for summary judgment is granted and all three counts of the plaintiffs' complaint are dismissed.
Prior to arguments of counsel, the plaintiff filed a supplementary affidavit which the court dismissed as untimely filed.
___________________ SPALLONE JUDGE TRIAL REFEREE CT Page 8433