[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brought a two-count writ claiming that she was injured when she tripped over a pipe which was protruding out of the lower section of a doorway at her place of employment. In the First Count she CT Page 9121 sued the defendant, Automotive Controls Corporation. In the Second Count she sued the defendant, Echlin Inc. Automobile Controls is alleged to have operated the premises where the injury occurred and Echlin is alleged to have owned the premises and to have been in possession and control.
At the time of her injury, the plaintiff had been hired by Automotive Controls as a temporary employee through Diversified Employment Services, Inc. Affidavits filed by the defendant established that the plaintiffs employer, Diversified, maintained Workers' Compensation Insurance on behalf of the plaintiff. Following the injury the plaintiff applied for and received Workers' Compensation benefits. Diversified's cost of maintaining the Workers' Compensation insurance for the plaintiff was included in the fee which Automotive Controls paid to Diversified for the plaintiffs services.
Affidavits filed by Echlin indicate that it was neither the owner nor in possession and control of the premises where the injury occurred.
In the answer and special defense, Echlin denied possession and control and Automotive Controls claimed that the plaintiffs action was barred by the exclusivity of the Workers' Compensation Act, Connecticut General Statutes §§ 31-275 et seq. Although citing no Appellate authority, the defendant has cited four trial court cases for the proposition that the law does not impose a greater liability on Automotive Controls simply because it hired the plaintiff as a temporary employee through an independent contractor.[1] Plaintiff has not contested this claim of law.
Neither has plaintiff contested the defendants' claim that if it lacked possession and control of the subject premises it would not be responsible for any damages that were incurred.
The plaintiffs only objection to the motion for summary judgment is a memorandum of law which does not dispute any legal principles claimed by the defendants in their motion. The plaintiffs memorandum is not accompanied by affidavit or documentary evidence purporting to refute any of the affidavits or documents submitted by the defendants. The plaintiff argues that the defendants have failed to carry a burden of demonstrating the absence of all genuine issues of fact. The plaintiffs approach to the problem ignores the holding of State of Connecticut v. Goggin,208 Conn. 606, 616-617 (1988) in which the court held:
"To oppose a motion for summary judgment successfully, the non-movant must recite specific facts in accordance with Practice Book §§ 380 and 381 [now §§ 17-45 CT Page 9122 and 17-46], which contradict those stated in the movant's affidavits and documents."
Practice Book § 17-45 provides that the movant "shall . . . file opposing affidavits and other available documentary evidence."
Finally, in Bartha v. Waterbury House Wrecking Company, Inc.,190 Conn. 8, 11-12 (1983) the Supreme Court wrote:
 "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or otherwise provided by § [17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely on the facts stated in the affidavit of the movant."
In the matter before the court there is no dispute of fact concerning either the defendant Automotive Controls' entitlement to the protection of the exclusivity of Workers' Compensation or the claim of Echlin Inc. that it had no possession or control of the premises where the injury occurred.
The motion for summary judgment is granted in favor of each defendant.
By the Court,
 ____________________________ Kevin E. Booth Judge of the Superior Court