[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT NO. 137
FACTS
On February 10, 1995, the plaintiff, Lawrence Daum, filed a three count second[1] revised complaint against the defendants, Rare Coin Investment Portfolios, Inc.; John P. Burnham; and Richard A. Denholtz. The complaint alleges that Burnham is an agent, servant and employee of Rare Coin Investment Portfolios and that Denholtz is an agent, servant CT Page 9356 and officer of Rare Coin Investment Portfolios. Count one alleges that the defendants misrepresented the investment value of certain rare coins that Daum purchased from the defendants on October 3, 1986 and delivered to Daum on October 17, 1986. Count two alleges that the defendants' conduct violated Connecticut Unfair Trade Practices Act, General Statutes § 42-110b(a), et seq. Count three alleges that the defendants violated the Connecticut Products' Liability Act; count three is not involved in the present motion.
The complaint alleges acts of the defendants after the purchase of the coins. The defendants prepared a "statement of value" on February 9, 1988, that stated that the coins had increased in value to $26,035.00. On April 28, 1989, the defendants informed Daum that the value of the coins was $26,050.00. On April 25, 1990, the defendants informed Daum that his coins were "probably worth quite a bit less" than the original purchase price. An accompanying appraisal indicated that Daum's portfolio's value ranged from $10,940.00 to $35,243.00. On June 15, 1990, the defendants informed Daum that the coins he had purchased were not "rare coins" as originally represented, but were "generic rare coins," which are worth much less than true "rare coins." Daum's affidavit in opposition to the motion for summary judgment essentially repeats these allegations. Daum did not present copies of the letters to which he refers.
On May 19, 1995, the defendants filed a motion for summary judgment on count one and count two. The defendants also filed a memorandum in support of the motion for summary judgment.
On June 2, 1995, Daum filed a memorandum in opposition to the motion for summary judgment. Daum also presented an affidavit from himself.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Barrett v. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, CT Page 9357 the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). Summary judgment may be granted when the statute of limitations bars the action. Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984).
In the defendants' memorandum in support, they argue that the statute of limitations has expired for misrepresentation (count one) and CUTPA (count two). The defendants argue that the statute of limitations is three years for misrepresentation; General Statutes § 52-577; and three years for CUTPA; General Statutes § 42-110g(f) (the plaintiff agrees). The defendants argue that when deciding whether the statute of limitations bars a misrepresentation action, the court should consider the dates of only those misrepresentations made before the transaction. The defendants cite Miller v. Grigoli, 712 F. Sup. 1087,1092 (S.D.N.Y. 1989) (construing Connecticut's statute of limitations for common law fraud) for this proposition. In Handler v. RemingtonArms Co., 144 Conn. 316, 321, 130 A.2d 793 (1957), the Supreme Court stated "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." The defendants claim that that doctrine does not apply to this case because the coins are not "inherently dangerous articles." In support of that proposition, the defendant's cite, inter alia, Nardiv. AA Electronic Security Engineering, Inc., 32 Conn. App. 205,628 A.2d 991 (1993). The defendants claim they did not owe a continuing duty to Daum after the sale of the coins. The defendants compare this case toFichera v. Mine Hill Corp., 207 Conn. 204, 541 A.2d 472 (1988); Barthav. Waterbury House Wrecking Co., 190 Conn. 8, 459 A.2d 115 (1983);S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 631 A.2d 340, cert. denied 228 Conn. 903,634 A.2d 296 (1993), three cases in which the court found that the defendants did not have a continuing duty. The defendants also citeCaravan Mobile Homes Sales, Inc. v. Lehman Brothers Kuhn Loeb, Inc.,769 F.2d 561, 567 (9th Cir. 1985) and Leib v. Merrill Lynch, Pierce, Fenner Smith, Inc., 461 F. Sup. 951 (E.D. Mich. 1978) as cases in which courts have held that fiduciary duties owed by stock brokers terminated on the completion of a transaction.
Daum does not contest the three year statute of limitations for misrepresentation and CUTPA. Daum argues however that the statute of limitations does not bar his CUTPA count nor his representation count. Daum contends that the misrepresentations continued to a period within three years before the commencement of this action. Daum argues that CT Page 9358 the defendants owed him a continuing duty after the purchase of the coin portfolio. While agreeing that Fichera v. Mine Hill Corp., supra,207 Conn. 204; sets forth the correct test for determining whether a party has a continuing duty, Daum argues that each case on which the defendants rely is distinguishable. Daum argues that in this case there is a fiduciary relationship between himself and the seller of rare coins, unlike Fichera v. Mine Hill Corp., supra, 207 Conn. 210; which involved "merely a vendor — vendee relationship." The essence of this fiduciary relationship is that Daum "had never before invested in rare coins and, therefore, relied entirely on the defendants' representations." Memorandum in opposition to motion for summary judgment p. 14. Daum contends that Leib v. Merrill Lynch, Pierce,Fenner and Smith, Inc., supra, 461 F. Sup. 951, also supports the proposition that some stock brokers have a fiduciary relationship with their investors. Daum also argues that the relationship between himself and the defendants continued after the purchase of the rare coins, unlike the relationship in S.M.S Textile Mills, Inc. v. Brown, Jackson,Tillinghast, Lahan and King, P.C., supra, 32 Conn. App. 791, which terminated. The factual basis for this argument is those certain letters that the defendants sent to Daum informing him of the value of his investments.
The issue before this court is whether the statute of limitations for misrepresentation and CUTPA under the circumstances of this case, have been tolled by a continuing course of conduct on the part of the defendants.
Generally "in securities fraud cases, `the act or omission complained of' occurs when the investor receives documents containing false or misleading information." In re Colonial, Ltd. PartnershipLitigation, 854 F. Sup. 64, 90 (D. Conn. 1994) (construing General Statutes § 52-577). This case scenario is very akin to a securities fraud case. Daum initially complains of representations made on October 3, 1986, the date Daum purchased the rare coins. He then complains of further misrepresentations contained in subsequent communications.[2]
Because of this alleged continuing course of conduct on the part of the defendant the plaintiff contends that the statute of limitations had not expired at the time suit was commenced. "To support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto."Fichera v. Mine Hill Corp., supra, 207 Conn. 209. "Where we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty CT Page 9359 or some later wrongful conduct of a defendant related to the prior act." Id., 210. The court should therefore determine whether (1) there is a special relationship between the parties, or (2) the defendants committed a later wrongful act. "The existence of a duty is a question of law." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, ___ A.2d ___ (1994). "Duty is a `legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed are determined by the circumstances surrounding the conduct of the individual.'" Id., 385.
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." Dunham v. Dunham, 204 Conn. 303, 322,528 A.2d 1123 (1987). Daum's affidavit includes the statement that defendant Denholtz "was well aware that I had never before purchased rare coins." A question of fact has arisen as to the existence or non-existence of a fiduciary duty.
The court also considered whether the defendants committed a later wrongful act. The complaint alleges four later wrongful acts: a February 9, 1988 statement of value: an April 28, 1989 letter; an April 25, 1990 letter; and a June 15, 1990 letter. In the first three communications, the defendants informed Daum "the value" of the coins. In the last communication, the defendants informed Daum of the true value and nature of the coins.
The court first considers the April 25, 1990 letter. The prior two letters from 1988 and 1989 are irrelevant because even if the statute of limitations commenced running from the 1989 letter, the action was filed too late. See footnote 1, supra. The court finds that the June 15, 1990 letter, which revealed that the coins were merely "generic rare coins," is not probative. "The letter, since it disclosed the defendants' [misrepresentation], cannot be regarded as supporting a claim of concealment." (Emphasis in original.) Fichera v. Mine HillCorp., supra, 207 Conn. 214. The remaining act to be evaluated is the April 25, 1990 letter.
Neither Daum nor the defendants have presented the court with a copy of the April 25, 1990 letter. The only information about this letter comes from Daum's affidavit. It states "[o]n or about April 25, 1990, Richard A. Denholtz informed me that my coins were `probably worth CT Page 9360 quite a bit less' than the original purchase price. An accompanying appraisal indicated that my portfolio now had a `range in value' of $10,940.00 to $35,243.00." Affidavit, paragraph 12. In this affidavit, Daum also states that the "representations made before and after the sale were false and were made for the purposes of inducing me to purchase a coin portfolio in excess of its value." The defendants have not contested Daum's characterization of the contents of the letter. This once again presents to the court a question of fact.
Accordingly, the court denies the Motion for Summary Judgment on Count one and Count two.
LAWRENCE L. HAUSER