[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William D. Downing, brings this action against the defendants, Peter Jameson and the Hertz Corporation, seeking damages for personal injuries sustained as a result of an automobile accident which occurred on April 27, 1994 in the village of North Bovey, England.
The plaintiff and the defendant, Peter Jameson, are both residents of Newtown.
Prior to April 25, 1994, the plaintiff, the defendant, Peter Jameson, and their wives, determined to take a two and one-half week vacation trip to the United Kingdom.
They arrived at Heathrow Airport on the morning of April 26, 1994, and went to the Hertz counter.
The defendant, Peter Jameson, obtained a rented motor vehicle. The vehicle had been reserved through Shepard's Travel, an agency located in Bethel, Connecticut, prior to leaving for England.
During the trip to North Bovey, the defendant testified that the car surged on two occasions after he removed his foot from the accelerator.
On the morning of April 27, 1994, as the parties were preparing to leave their place of lodging, the defendant, Peter Jameson, started the car.
The vehicle accelerated down the driveway, striking the CT Page 13133 plaintiff, William Downing, causing injuries as outlined in the complaint.
In addition to the negligence action against the defendant, Peter Jameson, the plaintiff seeks recovery against the Hertz Corporation on two grounds: (1) Hertz breached its contract with the plaintiff by renting him an unsafe vehicle; and (2) Hertz is vicariously liable for the negligence of Peter Jameson, pursuant to § 14-154a of the Connecticut General Statutes.
That section reads:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
Hertz moves for summary judgment claiming that it is not a proper party to the action because the rental vehicle was owned by another corporate entity, Hertz (U.K.) Limited.
The plaintiff contends that a genuine issue of material fact exists concerning whether the corporate veil should be pierced.
 STANDARD OF REVIEW
A motion for summary may be granted only when affidavits and other documentary evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983); Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990).
In deciding a motion for summary judgment, the trial court must view all the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.CT Page 13134v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
 PIERCING CORPORATE VEIL RAISES ISSUES OF FACT
In support of its motion for summary judgment, Hertz submitted affidavits stating that it does not own or operate Hertz (U.K.) Limited.
The plaintiff counters with the deposition testimony of Richard D. McEvily, a Hertz vice president, who testified that Hertz owns Hertz International Limited, which in turn owns Hertz (U.K.) Limited.
McEvily acknowledged that through ownership of Hertz International Limited, Hertz can directly or indirectly control Hertz (U.K.) Limited.
McEvily further testified that Hertz owns Hertz Systems, Inc., which owns the Hertz trademark and distributes the procedures for maintaining Hertz standards.
The Hertz trademark is recognizable and is associated with all of the Hertz subsidiaries.
The plaintiff also submitted advertisements through which one might infer that Hertz holds itself out as a unified worldwide organization.
The fact that the vehicle involved in the accident was reserved in Bethel, and was waiting when the Downings and Jamesons arrived at Heathrow Airport, only underscores and reinforces the absence of distinctions between Hertz and its various corporate entities.
Courts will disregard the fiction of separate legal entities to pierce the shield of corporate immunity, when one corporate entity is so controlled and dominated by another, that justice requires liability to be imposed on the real actor. AngeloTomasso Inc. v. Armor Construction Paving, Inc., 187 Conn. 544,554 (1982).
Two rules have been formulated as guides in determining when the corporate shield should be disregarded: the "instrumentality rule" and the "identity rule." Zaist v. Olson, 154 Conn. 563,575-76 (1967). CT Page 13135
The former requires proof of three elements: "(1) Control, not merely majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." Zaist v. Olson, supra, 575.
The "identity rule" states that if a plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise. Zaist v. Olson, supra, 575-76.
The application of these rules necessarily compels a case-by-case analysis, because circumstances vary according to the facts of a particular case. Angelo Tomasso, Inc. v. ArmorConstruction Paving, Inc., supra, 556 n. 7.
Based upon the facts of this case, the court concludes that a genuine issue of material fact exists as to whether Hertz (U.K.) Limited's corporate veil should be pierced.
 SECTION 14-154a APPLIES TO THIS CASE
Having determined that a question of fact exists as to whether Hertz' corporate veil should be pierced, it becomes necessary to consider Hertz' claim that the provisions of § 14-154a of the Connecticut General Statutes are not applicable because Connecticut law does not apply in this case.
Although the Connecticut Supreme Court traditionally adhered to the doctrine that substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury (lex loci delicti), in O'Connor v. O'Connor,201 Conn. 632, 637 (1986), the court rejected lex loci delicti as a per se
CT Page 13136 rule and incorporated the guidelines of the Restatement (Second) Conflict of Laws for those cases in which application of lex loci
would produce an arbitrary or irrational result. O'Connor v.O'Connor, supra, 637.
Section 145 of the Restatement Second provides in subsection (1) that the rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in section 6.
Section 6 of the Restatement provides that a court subject to constitutional restrictions will follow a statutory directive of its own state concerning choice of law.
However, when there is no such directive, the factors germane to the choice of the applicable rule of law include (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protections of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied. Restatement (Second) Conflict of Laws § 145(1) and 6(2); O'Connor v. O'Connor,supra, 650-51.
Section 145(2) sets forth priorities to facilitate the application of the principles of section 6 to tort cases.
Section 145(2) criteria are (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue. It is the significance not the number of § 145(2) contacts that determines the outcome of the choice of law inquiry under the Restatement approach. O'Connor v. O'Connor, supra, 652-53. CT Page 13137
Here, Downing was injured in England and the tortious conduct occurred there.
Downing and Jameson are both residents of Connecticut, and Hertz is a Delaware corporation with its principal place of business in New Jersey.
The relationship between Jameson and Downing is centered in Connecticut, and their relationship with Hertz began in Connecticut, when the travel agency reserved the Hertz vehicle.
Both the plaintiff and the defendant were transient visitors vacationing in England when the accident occurred. Their planned presence in the United Kingdom was temporary and of limited duration.
If Downing could have anticipated his involvement in an automobile accident with a Connecticut driver, he might reasonably have anticipated that Connecticut law would apply. Hertz contemplated that possibility since its rental contract provides that the agreement may be governed by the country of residence of the renter.
Furthermore, English law provides no remedy to the plaintiff. (See Morgans v. Launchbury (1973) A.C. 127.)
Section 14-154a, by contrast, imposes liability to a significantly greater extent than existed at common law.Gionfriddo v. Rent A Car Systems, Inc., 192 Conn. 280, 288
(1984).
Unlike Williams v. State Farm Mutual Automobile Ins. Co.,229 Conn. 359, 374 (1994), where both states involved, Connecticut and New York, maintained a comprehensive scheme of insurance coverage, English law provides no remedy to an injured plaintiff.
In light of all relevant factors, Connecticut has a strong interest in assuring its residents the full scope of protection under Connecticut law.
The motion for summary judgment of the Hertz Corporation is therefore denied.
Radcliffe, J. CT Page 13138