[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Lisa Fantasia, instituted this action against the defendants Ethan Allen, Inc. and William Doyon, by writ, summons and complaint returnable December 2, 1997.
The defendant, Lake Avenue Associates, Inc., was cited in as an additional defendant on August 4, 1998 (Mihalakos, J.), and a ten count amended complaint dated August 18, 1998 was served.
The plaintiff began employment at the Ethan Allen Inn as a CT Page 790 visual quality assurance manager on December 7, 1994.
She was hired by Lake Avenue Associates, Inc., and the defendant, William Doyon, was her immediate supervisor.
The plaintiff requested unpaid leave from her employment to care for her terminally ill mother. Leave was granted effective April 22, 1996.
After her mother died on June 9, 1996, the plaintiff became despondent and requested additional leave time.
Leave was granted until August 22, 1996, and the plaintiff received a notice confirming her leave.
The notice stated:
 You will be required to present a fitness-for-duty certificate prior to being restored to employment. If such certificate is required, but not received, your return to work may be delayed until the certification is provided.
The plaintiff returned to work on August 20, 1996, and informed the defendant, William Doyon, that she had not obtained the fitness-for-duty certificate because her health care provider was on vacation.
The plaintiff explained that the provider would be returning on August 26, 1996, and that a certificate would be available at that time.
The defendant, William Doyon, terminated the plaintiff from employment.
Although a fitness-for-duty certificate was received approximately two weeks later, Doyon refused to reinstate the plaintiff to her position.
The position was filled approximately eight months after the plaintiff was terminated.
In her August 19, 1998 amended complaint, the plaintiff claims that the defendants violated both the federal Family and Medical Leave Act (FMLA) and the Connecticut Family and Medical Leave Act. CT Page 791
The complaint also includes two counts seeking recovery based upon promissory estoppel, and two counts alleging the negligent misrepresentation of information to the plaintiff by employees of Ethan Allen, Inc. and/or Lake Avenue Associates, Inc.
Two counts of wrongful discharge in violation of public policy are also contained in the amended complaint.
Lake Avenue Associates, Inc. is a wholly owned subsidiary of Ethan Allen, Inc.
All three defendants, Ethan Allen, Inc., William Doyon and Lake Avenue Associates, Inc., move for summary judgment as to all counts.
 STANDARD OF REVIEW
A trial court may properly render summary judgment when documentary evidence, including pleadings and affidavits, demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11 (1983); Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990). A material fact is one which will make a difference in the result of the case. UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379
(1969).
The court must view all evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). The burden is on the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Yanow v. Teal Industries Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to directed verdict. United Oil Co. v.Urban Redevelopment Commission, supra, 380.
 BOTH FEDERAL AND STATE FAMILY AND MEDICAL LEAVE ACTS PRESENT QUESTIONS OF FACT
Both the federal Family and Medical Leave Act (FMLA) and the CT Page 792 Connecticut act, require employers to restore an employee who takes a leave from a position to the position, or its equivalent, upon return from the leave.
Section 2615 of the federal act provides:
 It shall be unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise any right provided. . . .
The defendants rely upon a regulation adopted consistent with FMLA, 29 C.F.R.S. 825.311(c), in claiming a right to terminate the plaintiff, thus removing her case from either FMLA or the Connecticut act, as a matter of law.
The regulation reads:
 [U]nless the employee provides either a fitness-for-duty certification or a new medical certification for a serious health condition, at: the time the FMLA leave is concluded, the employee may be terminated.
Since the plaintiff did not provide a fitness-for-duty certificate on August 20, 1996, they reason, she was not terminated based upon her exercise of any right guaranteed by either FMLA or the Connecticut act.
This argument is not well taken.
Nothing in the federal regulation requires that an employee be terminated if a fitness-for-duty certificate is not presented in a timely fashion.
The plaintiff, in this case, claims that her right to restoration to her position was interfered with due to the actions of the plaintiff. Lisa Fantasia states that she was led to believe that she would not be terminated from employment if she could not produce a fitness-for-duty certificate on August 20, 1996.
Futhermore, she claims that the defendants failed to explain the fatal consequences of a two week delay in obtaining the certificate from a health care provider who was unavailable on August 20, 1996. CT Page 793
All of these involve questions of fact, which the trier of fact is permitted to consider, in determining whether the plaintiff's termination resulted from a legitimate and evenly applied employment policy, or whether the use of the policy was designed to camouflage the defendants' true motivation.
Although the Connecticut Family Medical Leave Act contains no provision for termination based upon a failure to obtain a fitness-for-duty certificate, the defendants urge the court to adopt the federal construction of FMLA when applying the Connecticut statute.
It is not necessary to decide whether the federal construction of FMLA should be followed to find that genuine issues of material facts are presented under both FMLA and the Connecticut act.
The defendants' motion for summary judgment as to counts one, four, six and nine is denied.
 PROMISSORY ESTOPPEL
The plaintiff claims that she relied upon a notice given to her at the time she requested leave, particularly the portion of the notice which state she could return to work upon presenting a fitness-for-duty certificate.
She claims that she relied upon the notice to her detriment, because she did not seek substitute employment while on leave.
To support a claim of promissory estoppel, a plaintiff must establish two elements: (1) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist, and to act on that belief; and (2) the other party must change his position in reliance upon those facts, thus sustaining injury. Chotkowski v.State, 240 Conn. 246, 248 (1997); Dornfried v. OctoberTwenty-Four Inc., 230 Conn. 622, 635 (1994); Dupuis v. SubmarineBase Credit Union, Inc., 170 Conn. 344, 353 (1976).
Whether the plaintiff changed her position in reliance upon any representation, by failing to seek or secure substitute employment, constitutes a question of fact to be determined by the trier of fact. CT Page 794
While the plaintiff's ability to prevail on the promissory estoppel theory may appear dubious, she has raised a genuine issue of material fact.
The defendants' motion for summary judgment, as to counts two and seven, must be denied.
 NEGLIGENT MISREPRESENTATION
Plaintiff insists that she was not informed about the defendants' policy of terminating an employee who returned to work at the end of a leave period without a fitness-for-duty certificate.
Lisa Fantasia claims that the defendants knew of the policy, but negligently misinformed her in the notice sent by not including any reference to the termination policy.
A negligent misrepresentation may be actionable against one who has the means of knowing, ought to know, or is under a duty to know the truth. Warman v. Delaney, 148 Conn. 469, 473 (1961);D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217 (1987).
Connecticut has adopted § 552 of the Restatement Second (Torts) 1979, which reads:
 One who in the course of his business, profession or employment . . . supplies false information for the guidance of others, in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
The facts presented raise questions of fact concerning whether the defendants communicated false information in the notice, and whether the plaintiff reasonably relied upon the information transmitted.
Summary judgment as to counts three and eight is also denied.
 WRONGFUL DISCHARGE
Lisa Fantasia concedes that she cannot pursue her claim for CT Page 795 wrongful discharge in light of remedies available to her under FMLA and the Connecticut Family and Medical Leave Act.
In Connecticut, employment relationships are terminable at the will of either party, without regard to cause. Coelho v.Posi-Seal International Inc., 208 Conn. 106, 117-118 (1988).
This rule is subject to a limited exception, in cases where a plaintiff can demonstrate an improper reason for dismissal, derived from some important violation of a public policy. Sheetsv. Teddy's Frosted Foods. Inc., 179 Conn. 471, 477 (1980);Carbone v. Atlantic Richfield Co., 204 Conn. 460, 466-467 (1987).
No public policy exception is claimed here.
Furthermore, because the plaintiff has a remedy under the Connecticut Family and Medical Leave Act, she cannot simultaneously pursue a claim for wrongful discharge. Burnham v.Karl and Gelb P.C., 50 Conn. App. 385, 395 (1998)
Summary judgment as to counts five and ten must therefore be granted.
 ETHAN ALLEN NOT ENTITLED TO SUMMARY JUDGMENT
In light of the admitted fact that Lake Avenue Associates, Inc. is a wholly owned subsidiary of Ethan Allen, Inc., there is a factual basis upon which liability may be found against the parent company.
Courts will disregard the fiction of separate legal entities when one corporate entity is so controlled and dominated by another that justice requires liability to be imposed on the real actor. Angelo Tomasso, Inc. v. Armor Construction Paving, Inc.,187 Conn. 544, 554 (1982).
If a plaintiff can show that there is such a unity of interest between two corporate entities, that the independence of the corporations has ceased, or never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting an economic entity to escape liability arising out of an operation conducted by one corporation, for the benefit of the whole enterprise. Zaist v. Olson, 154 Conn. 563,575-577 (1967). CT Page 796
Here, there is evidence from which the trier of [act could find that Ethan Allen, Inc., as a parent company, was the plaintiff's employer, and cannot be shielded from responsibility by the existence of a wholly owned subsidiary, Lake Avenue Associates, Inc.
The motion for summary judgment must therefore be denied.
 CONCLUSION
The defendants' motion for summary judgment as to counts one, to o, three, four, six, seven, eight and nine is denied.
The motion for summary judgment is granted as to counts five and ten.
The motion for summary judgment of the defendant, Ethan Allen, Inc., based on its corporate status, is denied.
Radcliffe, J.