[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Lyman Seamans, brings this action alleging dental malpractice against the defendant, Kevin Braun, D.D.S., concerning treatment rendered in 1991.
The action was initiated by writ, summons and complaint dated July 12, 1994, and made returnable to this court on August 2, 1994.
The defendant, Kevin Braun, D.D.S., first saw the plaintiff on August 30, 1990. CT Page 2355
It was determined that a root canal on tooth #15 was necessary, and root canal surgery was performed on January 30, 1991.
On February 3, 1991, the procedure was completed.
The plaintiff did not see the defendant again until August of 1991, at which time he complained of pain and swelling in the area of tooth #15.
Food particles were removed from the area of the tooth, antibiotics were prescribed, and the plaintiff was asked to return to Dr. Braun's office for x-rays at a later time.
The plaintiff did not return for x-rays to be taken, and no further treatment was rendered to the plaintiff by the defendant subsequent to August 9, 1991.
The plaintiff contends that he experienced constant pain in tooth #15 from the time of the root canal in 1991, until the tooth was removed by another dentist in late 1992.
Following his August, 1991 visit with the defendant, Kevin Braun, the plaintiff did not consult another dentist until February 5, 1992, when he was examined and treated by Dr. Sam DiMartino.
During the February 5 visit, the plaintiff testified (see Deposition, p. 80), that he was experiencing continual pain in tooth #15.
Dr. DiMartino reviewed an x-ray with the plaintiff and recommended surgery.
Surgery was performed on March 6, 1992, and two follow-up visits occurred in May, 1992.
A second surgery was then performed in June, 1992.
The plaintiff claims that on September 21, 1992, he was told by another dentist, Dr. Mark Cohen, that the cause of his ongoing problems with tooth #15 was the negligence of the defendant, Dr. Kevin Braun, in the performance of the 1991 root canal surgery. CT Page 2356
The defendant now moves for summary judgment, claiming that the plaintiffs action is barred by the applicable statute of limitations, § 52-584 of the General Statutes, and that no genuine issue of material fact is present.
The defendant contends that he is entitled to a judgment as a matter of law.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."
A material fact is defined as one which will make a difference in the result of the case. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 379 (1969).
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, supra, 380.
 A GENUINE ISSUE OF MATERIAL FACT IS PRESENT
Section 52-584 of the Connecticut General Statutes, the applicable statutes of limitations, reads in part:
CT Page 2357 No action to recover damages for. . . malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
Section 52-584 is a "discovery" statute, with a three year period of repose.
Since the plaintiff last treated with the defendant, Kevin Braun, D.D.S., in August of 1991, and the writ, summons and complaint is dated July 12, 1994, suite was instituted within three years, and the repose provision of § 52-584 does not apply.
The question, therefore, concerns whether suit was brought within two years from the date when the injury was first sustained or discovered, or in the exercise of reasonable care should have been discovered.
The statute of limitations begins to run when a party has suffered some form of actionable harm. Burns v. HartfordHospital, 192 Conn. 451, 460 (1984).
Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should discover, that he has been injured, and that the defendant's conduct caused the injury. Burnsv. Hartford Hospital, supra, 460. Necessary ingredients in actionable harm include a breach of a duty by the defendant, and a causal connection to the resulting harm. Catz v. Rubenstein,201 Conn. 39, 44 (1986).
In order to begin the running of a discovery statute of limitations, a plaintiff must have knowledge of facts which would put a reasonable person on notice as to the nature and extent of an injury, and that the injury was caused by the wrongful conduct of another. The focus is on the plaintiffs knowledge of facts.Catz v. Rubenstein, supra, 47.
The harm need not have reached its fullest manifestation before the statute begins to run. Burns v. Hartford Hospital, supra, 460. CT Page 2358
The issue, therefore, is when the plaintiff was aware, or should have been aware of the alleged negligence of the defendant, and the causal connection between the defendant's conduct and the injury sustained.
The plaintiff, Lyman Seamons, claims that he became aware of the cause of the injury to tooth #15 on September 21, 1992, following an office visit with Dr. Mark Cohen, and that he had not suffered actionable harm until that date.
He further claims that despite the treatment by Dr. DiMartino in 1992, he was unaware that the cause of his infection and discomfort was the treatment he received from the defendant in 1991.
Although it is certainly not necessary for a plaintiff to be told by an expert that the conduct of one covered by § 52-584
deviated from the applicable standard of care, and that the deviation caused injury to the plaintiff, in order for a plaintiff to have sustained actionable harm; Barnes v. Schlein,192 Conn. 732, 737-38 n. 7 (1984); whether the plaintiff in this case should have discovered the injury in the exercise of reasonable care, represents a question of fact.
The facts here are distinguished from those in cases where the granting of summary judgment was appropriate.
In Barnes, a two year old plaintiff sustained a streptococcus infection due to the insertion of a contaminated intravenous tube into his leg.
The child's mother was told on November 10, 1975 of the cause of the infection, yet suit was not instituted until November 1, 1978.
In Barnes, the uncontradicted testimony was that the plaintiff suffered actionable harm in April of 1993, well over two years before suit was brought in December of 1975. Barnes v.Schlein, supra, 738-39.
No such finding of actual knowledge by the plaintiff, Lyman Seamans, is possible, based upon the facts presented.
Therefore, whether the plaintiff suffered actionable harm CT Page 2359 while undergoing treatment by Dr. Sam DiMartino in 1992, or at any time prior to those treatments, represents a genuine issue of material fact which cannot be resolved by way of a motion for summary judgment.
The motion for summary judgment of the defendant, Kevin Braun, D.D.S., is denied.
Radcliffe, J.