[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 559
This action was commenced against the Town of Windsor, the Archdiocese of Hartford and St. Gabriel Parochial School. Plaintiff alleged that on May 10, 1997 she was walking on a sidewalk in front of premises known as St. Gabriel Parochial School located at 77 Bloomfield Avenue in the Town of Windsor, Connecticut. She has alleged that she stepped onto a raised grade of pavement on said sidewalk causing her to fall and sustain injuries. In her deposition, a copy of which was filed by the defendant, St. Gabriel Parochial School (hereafter "St. Gabriel"), the plaintiff admitted that she fell on a sidewalk that was parallel to said Bloomfield Avenue. The Town of Windsor was eliminated from this case by the granting of a motion to dismiss, and the Archdiocese of Hartford was eliminated from this case when its motion for summary judgment was granted. St. Gabriel has also moved for summary judgment which is the instant motion. Oral argument was heard before this Court on December 11, 2000, the plaintiff having filed her Memorandum of Law in Opposition to the Motion for Summary Judgment on December 8, 2000. On December 11, 2000 the Court ordered that the plaintiff file any additional brief by December 18, 2000, and any defendant's reply brief was to be filed by December 22, 2000. The plaintiff was to notify the Court if she chose not to file a brief. Nothing was filed by the plaintiff, and the Court has not heard from the plaintiff as to whether or not she waived her right to file a brief by December 18, 2000. Accordingly, this Court will decide this Motion for Summary Judgment based upon the papers and the oral argument.
 STANDARD OF REVIEW
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Burns v. Harford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Douaherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). "To satisfy [this] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted). Plouffe v. New York,N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). The test that has been stated is: "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 560 party.. . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Cummings Lockwood v. Gray, 26 Conn. App. 293, 296-97, 600 A.2d 1040 (1991).
When a motion for summary judgment is supported by affidavits and other documents such as a deposition transcript, an adverse party, by affidavit or otherwise provided by Practice Book Section 17-45, must set forth specific facts showing that there is a genuine issue for trial, and if the adverse party does not respond, the Court is entitled to reply upon the facts stated in the affidavits of the movant. Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8 (1983). The party opposing summary judgment must substantiate his adverse claim by specifically showing that there is a genuine issue of material fact together with evidence disclosing theexistence of such an issue. Farrell v. Farrell, 182 Conn. 34 (1980). (Emphasis added).
 ISSUES
The Court finds that there are no disputed issues of fact. It is undisputed that the plaintiff fell on a public sidewalk parallel to Bloomfield Avenue. The question, then, is whether the defendant St. Gabriel is entitled to judgment as a matter of law.
An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. Wilson v. New Haven,213 Conn. 277, 280 (1989). The municipality has a duty to keep sidewalks in a safe condition. C.G.S. § 7-148. If liability can be shifted from the municipality to the abutting landowner, it must be accomplished by statutory or Charter provision or by ordinance which has been authorized by a statute or Charter provision. Willoughby v. New Haven, 123 Conn. 446,451 (1937).
The Town of Windsor has adopted ordinances one of which is cited by the plaintiff, namely Section 15-5[1].
There are two statutes applicable in this case. C.G.S. § 7-163a
provides for adoption of an ordinance by the municipality to transfer the duty of care to persons using the sidewalk from the municipality to the abutting landowner. However, this provision or enabling act allows such transfer of liability only with respect to the presence of ice or snow on such sidewalk. That is clearly not the case here.
The only other enabling act permitting a municipality to delegate duties to abutting landowners with respect to sidewalks is C.G.S. § 7-148. That statute permits a municipality to require abutting CT Page 561 owners to repair and maintain sidewalks and imposes penalties for failure to comply with the ordinance. However, unlike C.G.S. § 7-163a, itdoes not authorize a municipality to shift liability for injuries to third parties to adjacent landowners. Reading Sections 15-5 and 15-6 of the Windsor Code of Ordinances, it is clear that Section 15-5 makes it unlawful for any person to deposit or permit to remain upon any public sidewalk any article or material which constitutes an obstruction or hazard to the ordinary use of such public sidewalk. Section 15-6 provides for a lien against the abutting property owner for work done by the town which the abutting property owner was to undertake under Section 15-5. Accordingly, the two ordinances provide that the liability of the abutting landowner under those ordinances is to the municipality only and not to third parties.
It is true that an abutting owner is liable for a hazardous condition on a public sidewalk which is of his own creation. Perkins v. Wibeo,132 Conn. 50, 52 (1945). However, the plaintiff has submitted no evidence that any conduct of St. Gabriel created the alleged raised grade of pavement which is allegedly an obstruction.
The claim in plaintiffs memorandum of December 8, 2000 that in reference to Section 15-5 of the Code of Ordinances "The Ordinance transfers the responsibility for an obstruction in a sidewalk to the adjacent property owner" is without merit.
There is no genuine disputed issue of material fact, and for the foregoing reasons the defendant St. Gabriel is entitled to judgment as a matter of law. Accordingly, the Motion for Summary Judgment of St. Gabriel dated October 11, 2000 is granted.
Rittenband, JTR