[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The Plaintiff, Gene L. Fredericks, brings this action against two defendants, Maria Smith and Virginia Brennan.
The action was commenced in two counts, and concerns an automobile accident which occurred on May 14, 1997 on Shelton Avenue, also known as Route 108, in Shelton.
At approximately 11:17 a.m on that date, the Plaintiff was operating an automobile westbound on Shelton Avenue, approaching its intersection with Aspetuck Trail.
The defendant Maria Smith was the owner and operator of a vehicle, also proceeding westbound, directly behind the plaintiff's vehicle.
The defendant Virginia Brennan was also operating her vehicle in a westbound direction, in front of the plaintiff's vehicle.
The defendant Virginia Brennan stopped her vehicle, in preparation for CT Page 2024 making a left turn onto Aspetuck Trail.
In paragraph four of the complaint, Gene Fredericks alleges that the vehicle operated by Maria Smith collided with the rear of his vehicle, thus "causing the plaintiff's vehicle to be pushed into the rear of the defendant Virginia Brennan's vehicle."
In count two, the plaintiff claims that the collision was caused by the negligence and carelessness of the defendant Virginia Brennan, in one or more of the ways outlined in paragraph five of the second count.
The five common law allegations of negligence alleged against Virginia Brennan are: 1) she caused her vehicle to come to a sudden stop without giving the plaintiff any signal or warning of her intent to do so, 2) she operated her motor vehicle at a rate of speed which was unreasonable, improper and excessive, 3) she failed to apply her brakes, 4) she failed to keep a proper lookout, and 5) she failed to keep her vehicle under proper control.
On March 26, 1999, Virginia Brennan filed her answer, denying the allegations of negligence, and including a special defense as to liability.
She now moves for summary judgment, claiming that no genuine issue of material fact exists, and that she is entitled to a judgment as a matter of law.
In support of her motion for summary judgment, the defendant Virginia Brennan included an affidavit.
Neither the Plaintiff, nor the defendant Maria Smith has filed a counter affidavit in opposition to the motion for summary judgment.
STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 11 (1983); Daily v. New Britain Machine Co.,200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material CT Page 2025 fact and that the moving party is entitled to a judgment as a matter of law."
In deciding a motion for summary judgment, the trial court must view all of the evidence in the light most favorable to the nonmoving party.Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is, and that is excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984); Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969).
NO GENUINE ISSUE OF MATERIAL FACT REMAINS
In her affidavit, the defendant, Virginia Brennan, states that she was stopped "for several seconds" before being struck from behind by the plaintiff's vehicle.
Not only did the plaintiff fail to contradict that claim by way of counter-affidavit, his deposition testimony supports the defendant Virginia Brennan's assertions.
The plaintiff testified that he was in a stopped position behind the Brennan Vehicle for five to ten seconds before being struck from behind by the defendant Maria Smith.
Furthermore, he claims to have brought his vehicle to a complete stop four to five feet behind the Brennan vehicle prior to impact (p. 64).
Furthermore, the plaintiff acknowledges that the operator of the Brennan vehicle did nothing wrong (p. 65), and that he had an unobstructed view of the vehicle.
Although negligence actions are normally ill-suited to motions for summary judgment, on the facts presented the defendant Virginia Brennan has removed from the realm of speculation of conjecture any issue of material fact.
There is no evidence that the defendant Virginia Brennan stopped short, or that the manner in which she stopped her vehicle was a substantial factor in causing the collision. CT Page 2026
She was not operating at an excessive rate of speed, but was completely stopped at the time of impact, applied her brakes properly to bring the vehicle to a stop, and was in full control of her vehicle at all times.
There is simply no basis for imposing liability upon the defendant Virginia Brennan, and the plaintiff has declined to concoct a basis, through counter affidavit or other documentary evidence.
He has properly determined to remain silent in the face of the motion for summary judgment.
The motion for summary judgment filed by the defendant Virginia Brennan, is GRANTED.
RADCLIFFE, J.